WALTIMIRE, APPELLANT AND CROSS-APPELLEE, *v.* WALTIMIRE, APPELLEE AND CROSS-APPELLANT.

(No. 7-87-14—Decided
September 21, 1989.)

*Clemens, Korhn, Palmer & Liming*
and *Jack H. Palmer,* for Eleanor E.
Waltimire.

*Casey & Slaybod* and *Sheldon M.
Slaybod,* for Donald J. Waltimire.

BRYANT, J. This is an appeal by the
plaintiff-wife Eleanor E. Waltimire
and a cross-appeal by the defendant-
husband Donald J. Waltimire from a
judgment of the Court of Common
Pleas of Henry County making a prop-
erty division in accordance with the
recommendations of the referee's
report.

Eleanor E. Waltimire asserts two
assignments of error:

"I. Since Mrs. Waltimire was a
joint tenant with right of survivorship
in the disputed accounts, the lower
court abused its discretion when it
denied her a share in said accounts in
its division of property.

"II. The trial court abused its
discretion by not awarding alimony
sufficient to allow the plaintiff to af-
ford health insurance and meet other
important expenses."

Following a stipulation by the par-
ties, the second assignment of error
was dismissed with prejudice and will
not be addressed by this court.

Donald J. Waltimire asserts two
assignments of error:

"I. The trial court abused its
discretion when it awarded the 1985
Oldsmobile 88 automobile to appellant.

"II. The trial court abused its
discretion in awarding appellee no in-
terest in the marital residence."

Although these assignments of
error are based essentially upon legal
conclusions, ultimately the conclusions
are derived from various factual find-
ings adopted by the trial court from
the referee's report. *Proctor* v. *Proctor*
(1988), 48 Ohio App. 3d 55, 548 N.E.
2d 287.

The primary issue raised in this ap-
peal and cross-appeal "concerns the
extent to which a party may assign as
error the trial court's adoption of a
referee's finding of fact where that
party has failed to properly challenge
that finding" by filing an objection to
the referee's report pursuant to Civ.
R. 53(E)(6). *Proctor, supra,* at 56, 548
N.E. 2d at 289.

Civ. R. 53(E)(6) states:

"Factual findings. A party may
not assign as error the court's adop-
tion of a referee's finding of fact unless
an objection to that finding is con-
tained in that party's written objec-
tions to the referee's report. * * *"

In this case, neither Eleanor
Waltimire nor Donald Waltimire filed
any objections to the report and recom-
mendations of the referee. Their fail-
ure to do so is fatal to this appeal and
cross-appeal.

A party on appeal, from a final
judgment, may not assign as error an
abuse of discretion of the trial court as
an alternative to filing in the trial court
objections to the referee's report.
" 'The term "abuse of discretion" con-
notes more than an error of law or
judgment; it implies that the court's at-
titude is unreasonable, arbitrary or un-
conscionable.' " *Blakemore* v. *Blake-
more* (1983), 5 Ohio St. 3d 217, 219, 5
OBR 481, 482, 450 N.E. 2d 1140, 1142.
*In Proctor, supra* (citing *Purpura* v.
*Purpura* [1986], 33 Ohio App. 3d 237,
515 N.E. 2d 27), we held that a distinc-
tion exists between those instances in
which *no* objection is made to a
referee's finding and those instances
where an objection is made but the par-
ty fails to support it with a transcript
or other evidence: "the trial court's
adoption of factual findings under such
[latter] circumstances * * * [is] still

subject to appellate review for an abuse of discretion * * *." *Id.* at 60, 548 N.E. 2d at 293. The absence of an objection by the parties informing the trial court of possible errors in the referee's report so that it might correct them prevents us from finding that the trial court's attitude in rendering its decision was unreasonable, arbitrary or unconscionable. By failing to object to the referee's report within the fourteen days following the filing of the report, as provided in Civ. R. 53(E)(2), the parties waived any error that may have existed. *Proctor, supra.*[1]

Accordingly, the assignments of error raised on appeal and cross-appeal are not well-taken and are overruled.

For the reasons stated above and upon the authorities cited and discussed, the judgment of the common pleas court is affirmed.

*Judgment affirmed.*

EVANS, P.J., and SHAW, J., concur.

---

[1] See, also, *Partin* v. *Roe* (Mar. 19, 1986), Montgomery App. No. CA 9557, unreported; *Woolsey* v. *Woolsey* (Dec. 3, 1987), Licking App. No. CA-3268, unreported; *Sims* v. *Sims* (Apr. 16, 1987), Cuyahoga App. No. 51847, unreported; *Foster* v. *Foster* (Apr. 20, 1988), Medina App. No. 1644, unreported; *Elkins* v. *Elkins* (Nov. 24, 1987), Franklin App. No. 87AP-533, unreported; *Conover* v. *Conover* (Oct. 28, 1988), Geauga App. No. 1435, unreported; *Crockett* v. *Alcorn* (June 23, 1986), Butler App. No. CA85-12-164, unreported.