This matter presents a timely appeal from a decision rendered by the Columbiana County Common Pleas Court, Domestic Relations Division, overruling the objection to the magistrate's decision filed by defendant-appellant, Sandra K. Chamberlain, n.k.a. Sandra K. Solmen, and entering judgment on the magistrate's determination.
At the outset, we note that plaintiff-appellee, Dan E. Chamberlain, has failed to file a brief in this matter. Therefore, pursuant to App.R. 18 (C), this court is authorized to accept appellant's statement of the facts and issues as correct and reverse the trial court's judgment if appellant's brief reasonably appears to sustain such action.
The within matter emanates from a divorce action which was filed on or about April 26, 1995. A trial was held before the court magistrate on January 19, 1996, following which the magistrate filed her decision on February 15, 1996. Appellee then filed objections to the magistrate's decision relating to numerous findings. After a hearing on said objections, the trial court filed its judgment entry affirming the magistrate's decision in all respects except as concerning the issue of the award of attorney fees. No direct appeal was taken by either party from the trial court's final judgment.
Various post-divorce motions were filed by both parties on collateral issues which are not relevant to this appeal. Thereafter, appellant filed a motion for contempt on August 30, 1996 concerning appellee's alleged failure to pay spousal support, in which she also addressed the issue of appellee's alleged failure to make mortgage payments. The court magistrate ultimately filed a decision on November 14, 1996 finding that neither party was responsible for reimbursement to the other regarding unpaid mortgage payments. The court magistrate reasoned that although appellee failed to have certain items of marital property present at auction as ordered, he paid twelve months of mortgage payments and appellant paid only seven months including late charges and other fees required to bring the mortgage current. Therefore, the court magistrate determined that appellee overpaid the mortgage by approximately $3,750.00 and such amount offset the marital property which he failed to deliver for auction. No objection was taken from this decision.
Appellant filed an additional motion for contempt on April 22, 1997 in which she argued that appellee failed to pay I spousal support and other debts as ordered and again addressed the issue of the mortgage payments. On September 8, 1997, appellant filed a motion for lump sum payment, along with a supplemental motion for contempt requesting that the court render a final decision regarding allocation of the following funds: $7,000.00 which appellee was found to have withdrawn from an account at the time of the parties' final divorce hearing; in excess of $4,000.00 which appellee was found to have taken from a joint tax return at the time of the parties' final divorce hearing; and, $2,000.00 which appellant alleged that she had recently learned appellee withdrew from a mortgage escrow account following the parties' final divorce hearing.
Following a hearing on appellant's motions, the court I magistrate filed her decision on November 26, 1997. It was determined that with regards to the $7,000.00 and the $4,000.00 which were referred to at the time of the parties' final divorce hearing, the court would not reopen its decision to make a separate ruling on monies which were taken into consideration in the final judgment of divorce. Concerning the $2,000.00 which appellant alleged appellee removed from a mortgage escrow account, the court magistrate determined that appellant failed to present any evidence in support of her contention and therefore, her request for reimbursement based upon such sum was overruled.
On December 15, 1997, appellant filed an objection to the magistrate's decision. A hearing was held before the trial court on January 30, 1998. Following due consideration of appellant's objection, the trial court filed its opinion and judgment entry on February 6, 1998, affirming the magistrate's decision in all regards. This appeal followed.
Appellant's sole assignment of error on appeal alleges:
 "THE TRIAL COURT ERRED IN FAILING TO CORRECT ERRORS OF LAW AND OTHER DEFECTS WHICH APPEARED ON THE FACE OF THE MAGISTRATE'S DECISION."
Appellant argues that pursuant to Civ.R. 53(E)(4)(a), even when no party has filed written objections to a magistrate's decision, a trial court abuses its discretion in adopting the magistrate's decision if such decision contained either an error of law or another defect on its face.
Appellant states that with regards to the reimbursement of mortgage payments which she believes were due her from appellee, the entire basis for the court magistrate's finding that appellee made an overpayment was incorrect and both the magistrate and the trial court refused to remedy the error. Appellant points out that the court magistrate stated in her November 14, 1996 decision:
 "* * * the amount that Dan Chamberlain overpaid on the mortgage during the time that this matter was pending is offset by the amounts for the personal property that was missing from the auction and therefore no further payments will be ordered by either party for those two items at this time."
Appellant contends that no objection was filed to such magistrate's decision because the language therein indicated no further allocation would be made "at this time" concerning the issue of mortgage payments, thereby causing appellant to believe it would be addressed again at a later date. Appellant further maintains that the magistrate based her November 14, 1996 decision upon a judgment entry regarding temporary issues which was subsequently vacated.
Appellant next addresses the allocation of $7,000.00 which appellee was found to have withdrawn from an account at the time of the parties' final divorce hearing and the amount in excess of $4,000.00 which appellee was also found to have taken from a joint tax return at the time of the parties' final divorce hearing. Appellant claims that although these specific findings were journalized in the magistrate's decision filed February 15, 1996, such assets were not utilized in the magistrate's allocation of property between the parties. Appellant avers that the trial court's failure to correct the magistrate's error has perpetuated an inequitable property distribution between the parties and has constituted an abuse of discretion.
Appellant further submits that the magistrate erred in failing to consider her testimony as evidence with regards to the $2,000.00 which she alleged appellee had withdrawn from a mortgage escrow account following the parties' final divorce hearing. Appellant complains that although the magistrate found she provided no documentary evidence in support of her testimony, the magistrate did not specifically find that her testimony lacked credibility. Appellant believes that the trial court abused its discretion in failing to correct the magistrate's error.
Finally, appellant argues that both the magistrate and the trial court erred in failing to sanction appellee for contempt as a result of his failure to pay spousal support and other debts as ordered.
The abuse of discretion standard is applicable to appellate review of matters concerning domestic relations. Booth v. Booth
(1989), 44 Ohio St.3d 142. An abuse of discretion connotes more than an error of law or of judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore(1983), 5 Ohio St.3d 217. When applying the abuse of discretion standard, an appellate court may not merely substitute its judgment for that of the trial court. Berkv. Mathews(1990), 53 Ohio St.3d 161.
Pursuant to Civ.R. 53(E)(3)(b), a party "shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Civ.R. 53(E) imposes an affirmative duty on the parties to make timely, specific objections in writing to the trial court, identifying any error of fact or law in the magistrate's decision. Therefore on appeal, a party may not assign as error an abuse of discretion of the trial court as an alternative to filing objections to the magistrate's decision. Waltimire v. Waltimire(1989), 55 Ohio App.3d 275.
In the case at bar, the trial court thoroughly addressed each issue presented by appellant on appeal in its opinion and judgment entry filed February 6, 1998, following a hearing and due consideration of appellant's objection to the magistrate's decision.
With regards to the reimbursement of mortgage payments, the trial court noted that the magistrate made specific findings and disposed of this issue in her November 14, 1996 decision, to which appellant filed no objections. Such determination was reiterated in the magistrate's decision filed November 26, 1997. Therefore, appellant's contention that the magistrate had previously left this issue open for further review is not welltaken. Appellant failed to file any objection to the November 14, 1996 magistrate's decision, wherein this issue was originally examined and as such, cannot now claim error on appeal. Civ.R. 53(E)(3)(b); Waltimire, supra. The trial court properly found that the magistrate "made a factual and equitable decision" regarding the reimbursement of mortgage payments.
Concerning the allocation of both the $7,000.00 and $4,000.00 in question, the trial court concisely found that such amounts were taken into consideration in the overall distribution of marital property made by the magistrate in her February 15, 1996 decision granting the parties a divorce. Although objections were filed by appellee regarding certain findings at that time, none were filed by appellant. Following a hearing on appellee's objection, the trial court affirmed the magistrate's decision, except as to the award of attorney fees, and the parties' divorce was finalized. No appeal to this court was presented by either party. Appellant cannot now claim error on an issue to which no objection was filed. Civ.R. 53(E)(3)(b); Waltimire, supra.
Furthermore, appellant could have or should have filed an appeal to this court at such time as the trial court affirmed the magistrate's February 15, 1996 decision and the parties' divorce was finalized. Neither the magistrate nor the trial court erred in refusing to reopen the issue concerning these sums for additional consideration.
Turning to the issue of the $2,000.00 which appellant alleged appellee withdrew from a mortgage escrow account following the final divorce hearing, the trial court clearly noted that although there was evidence from a previous hearing which indicated such sum was paid from the escrow account, said evidence did not show to whom the money was paid. The court magistrate was in the best position to determine the credibility of the testimony offered by appellant. Absent documentary evidence tending to establish appellant's contention that the $2,000.00 in question was collected by appellee, it was within the magistrate's discretion to determine that appellant had failed to meet her burden of proof. Therefore, the trial court did not err in affirming the magistrate's decision in this regard.
Finally, as to the issue that appellee received no specific finding of contempt or sanction concerning his failure to pay spousal support and other debts, the trial court specifically stated that it would not address same as appellant failed to file a written objection on this issue pursuant to Civ.R. 53(E). Nonetheless, we note that the trial court affirmed the magistrate's lump sum award of $13,232.05 plus interest at the rate of ten percent to appellant for unpaid spousal support, attorney fees and a debt to Sears. It was well within the purview of the magistrate to allow appellee to purge himself of contempt by making the lump sum payment as ordered.
The trial court carefully reviewed all issues before it and obviously found no error of law or other defect on the face of the magistrate's decision. Based upon a thorough review of the record on appeal, it cannot be said that the trial court abused its discretion in overruling the objection to the magistrate's decision filed by appellant in any regard.
Appellant's sole assignment of error on appeal is found to be without merit.
The judgment of the trial is affirmed.
Donofrio, J., concurs.
Vukovich, J., concurs.
APPROVED:
 ___________________________________ EDWARD A. COX, PRESIDING JUDGE