OPINION
This appeal arises from the Judgment Entry-Decree of Divorce entered by the Union County Court of Common Pleas. Defendant-Appellant prosecutes three assignments or error, each alleging the trial court abused its discretion in one respect or another when the court adopted the magistrate's conclusions of law and findings of fact particularly concerning the equitable distribution of the marital property. The facts relevant to the disposition of this case are set out in the opinion.
Before reaching the merits of Appellant's assignments of error, we first must address whether the issues raised by this appeal were properly preserved. A final hearing on Plaintiff-Appellee's Complaint for Divorce and Defendant-Appellant's Answer thereto was held on June 2, 1999, before Magistrate Marsha Blackburn. On June 4, 1999, Magistrate Blackburn issued a Decision and the trial court adopted the Decision subject to the right of either party to file objections. On June 4, 1999, the Common Pleas Court issued a Notice to both parties indicating that the time for filing objections to the magistrate's decision would be extended from fourteen (14) to thirty (30) days.
On September 1, 1999, approximately ninety-four (94) days after the Magistrate's Decision, the trial court entered a Judgment Entry-Decree of Divorce. In its Judgment Entry, the trial court noted that neither party had filed objections to the Magistrate's Decision. Therefore, the trial court found the Magistrate's Decision to be fair and equitable and concluded that the magistrate's findings of fact and conclusions of law should be incorporated into the court's Judgment Entry-Decree of Divorce.
Civ.R. 53(E)(3)(b) provides in relevant part as follows:
 * * * A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule. (Emphasis added).
The current version of Civ.R.53(E) is in part analogous to the former Civ.R. 53(E)(6).[1] With respect to the former version of Civ.R. 53(E)(6), this Court stated as follows:
 In our view, the express language of Civ.R. 53(E)(6), merely follows the well-established case authority that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been corrected or avoided by the trial court. (Citations omitted). Accordingly, * * * we hold that an assignment of error based upon the trial court's adoption of the referee's finding of fact is waived unless an objection to that finding of fact is contained in the party's written objections to the referee's report. Proctor v. Proctor (1988), 48 Ohio App.3d 55, 56.
It is clear that in a divorce proceeding, if a party fails to object to a conclusion of law or finding of fact issued by a magistrate, pursuant to Civ.R. 53(E)(3) the party is precluded from then raising the issue(s) for the first time on appeal. See, e.g., Waltimire v. Waltimire (1989), 55 Ohio App.3d 275,564 N.E.2d 119; Harbeitner v. Harbeitner (1994), 94 Ohio App.3d 485,641 N.E.2d 206; Master v. Masters (1992), Allen App. No. 1-91-23, unreported; Wirt v. Wirt (1996), Wayne App. No. 95CA0041, unreported; Waltson v. Waltson (1995), Wood App. No. WD-94-057, unreported; and, Welch v. Welch (1995), Fairfield App. No. 94CA50, unreported; Conroy v. Conroy (1993), Franklin App. No. 93AP-27. That is, by failing to object, a party waives the right to challenge the finding or conclusion on appeal.
Without question, Defendant-Appellant failed to object to the conclusions of law and findings of fact indicated in the Magistrate's Decision. Therefore, Defendant-Appellant is otherwise foreclosed from assigning as error those issues he failed to raise with the trial court. Accordingly, Defendant-Appellant's assignments of error are without merit. The decision of the Court of Common Pleas of Union County is affirmed.
Judgment affirmed.
SHAW and WALTERS, JJ., concur.
[1] Civ.R. 53(E)(6) provided in pertinent part: "Factual Findings. A party may not assign as error the court's adoption of a referee's finding of fact unless an objection to that finding is contained in the party's written objections to the referee's report."