OPINION
This appeal ultimately arises from Legal Separation andDivorce proceedings commenced in 1991. More specifically, theappeal concerns the ancillary issues of child custody and support.
On August 19, 1999, a "Magistrates Report" was entered wherein Magistrate Patrick H. Young disposed of various issues pending in the instant case, including motions to modify child support, contempt, and modification of residential parent. On September 24, 1999, thirty-six (36) days after entry of the report, Defendant-Appellant, LynDon A. Gurtner (hereinafter "LynDon'), filed a letter dated September 1, 1999, wherein he indicated objections to the Magistrate's Report. Also on September 24, 1999, LynDon filed a "Motion to Address and Reconsider the Magistrates Report." The trial court considered the letter and Motion to be "objections" to the Magistrate's Report.
On October 22, 1999, Plaintiff-Appellee, Sandra G. Gurtner(hereinafter "Sandra") filed a Motion to dismiss LynDon's Motionto Address and Reconsider the Magistrate's Report and to overruleLynDon's objections. On that same day, the trial court entered aJudgment Entry overruling LynDon's objections to the Magistrate'sReport and granting Sandra's motion to dismiss LynDon'sobjections. Finally, simultaneous with the Judgment Entryoverruling LynDon's objections, the trial court issued a JudgmentEntry adopting the Magistrate's Report.
It is from this Judgment Entry that LynDon now appeals, prosecuting three assignments of error. Before reaching the merits of Appellant's assignments of error, we first must address whether the issues raised by this appeal were properly preserved.
A final hearing on various issues was held before MagistrateYoung on July 22, 1999. On August 19, 1999 Magistrate Youngentered his report disposing of the various issues, includingchild support.
In a letter addressed to Magistrate Young dated September 1, 1999, LynDon indicated a certain objection to the Magistrate's Report. More particularly, LynDon indicated that he was objecting to the manner by which the Magistrate calculated child support. We note that although this letter was dated September 1, 1999, the record reveals that the letter was not filed until September 24, 1999, thirty-six (36) days after the Magistrate's Report was entered. Further, this "objection" to the Magistrate's Report was not accompanied by either a transcript of all the evidence submitted to the magistrate relevant to the objection or an affidavit of that evidence.
On September 24, 1999, the same date the objection letter was file stamped by the Van Wert County Clerk of Courts, LynDon filed a "Motion to Address and Reconsider the Magistrate's Report." Again, neither a transcript of the evidence nor an affidavit of the evidence accompanied this Motion. On October 22, 1999, Sandra filed a Motion to dismiss LynDon's Motion and to overrule the objections.
On October 22, 1999, the trial court entered a Judgment Entry wherein the court made the following findings:
 The court finds that the defendant [LynDon] has failed to comply with Ohio Civil Rule 53(E)(3) in that he has failed to provide file (sic) his written objection to the Magistrate' Report within fourteen days of the filing of same, and for the further reason that he has failed to provide a transcript of all the evidence submitted to the Magistrate relevant to the finding of fact to which he has objected. More specifically, defendant has objected to the magistrate's finding of fact that the defendant's annualized income is $50,000 based upon the Magistrate's finding that defendant's income (for 1999) as of July 3, 1999, was $25,629, and that on average his income for the second half of the year (1999) is or will be the same as the first half. Defendant has also failed to support his objection by an affidavit of the evidence upon which the magistrate based his decision if a transcript of the proceedings is not available.
Civ.R.53 (E)(3) provides in relevant part as follows:
 (a) Within fourteen days of the filing of a magistrate's decision, a party may file written objections to the magistrate's decision. * * *
 (b) * * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
The current version of Civ.R.53(E) is in part analogous to the former Civ.R. 53(E)(6).[1] With respect to the former version of Civ.R. 53(E)(6), this Court stated as follows:
 In our view, the express language of Civ.R. 53(E)(6), merely follows the well-established case authority that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been corrected or avoided by the trial court. (Citations omitted). Accordingly, * * * we hold that an assignment of error based upon the trial court's adoption of the referee's finding of fact is waived unless an objection to that finding of fact is contained in the party's written objections to the referee's report. Proctor v. Proctor
(1988), 48 Ohio App.3d 55, 56.
It is clear that in a child custody or support proceeding, if a party fails to object to a conclusion of law or finding of fact issued by a magistrate, pursuant to Civ.R. 53(E)(3), the party is precluded from then raising the issues for the first time on appeal. See, e.g., Waltimire v. Waltimire (1989), 55 Ohio App.3d 275,564 N.E.2d 119; Harbeitner v. Harbeitner (1994), 94 Ohio App.3d 485,641 N.E.2d 206; Master v. Masters (1992), Allen App. No. 1-91-23, unreported; Wirt v. Wirt (1996), Wayne App. No. 95CA0041, unreported; Waltson v. Waltson (1995), Wood App. No. WD-94-057, unreported; and, Welch v. Welch (1995), Fairfield App. No. 94CA50, unreported; Conroy v. Conroy (1993), Franklin App. No. 93AP-27. That is, by failing to object, a party waives the right to challenge the finding or conclusion on appeal.
In the case sub judice, the trial court found that LynDon failed to timely object to the conclusions of law and findings of fact reflected in the Magistrate's Report. That is, the letter indicating LynDon's objection to and the Motion to Address and Reconsider the Magistrate's Report were filed on September 24, 1999, thirty-six (36) days after the report was entered. Therefore, LynDon is otherwise foreclosed from assigning as error those issues he failed to raise with the trial court. We note that were we to conclude that the letter dated September 1, 1999 was somehow timely filed within the fourteen (14) day statutory time period, LynDon still failed to file a transcript of the evidence or, in the alternative, an affidavit of the evidence.
Accordingly, Lyndon's assignments of error are without merit. The decision of the Court of Common Pleas of Van Wert County is affirmed.
Judgment affirmed.
BRYANT, J.
HADLEY, P.J., and WALTERS, J., concur.
[1] Civ.R. 53(E)(6) provided in pertinent part: "Factual Findings. A party may not assign as error the court's adoption of a referee's finding of fact unless an objection to that finding is contained in the party's written objections to the referee's report."