OPINION
Appellant, Paul Nadaud, appeals from the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, which dismissed his motion for modification of parental rights and responsibilities.
The parties were granted a final decree of divorce on February 23, 1993. In the divorce decree, appellee, Linda Nadaud, was designated the residential parent of the parties' four minor children: Melissa, born January 7, 1978; Erin, born May 2, 1980; Stephen, born January 27, 1982; and Peter, born May 14, 1985. On May 7, 1999, appellant filed a motion for modification of parental rights and responsibilities. In the motion, he alleged that a change in circumstances "of the minor child and/or the residential parent" had occurred and requested that he be designated as the residential parent of Peter. On June 7, 1999, appellant filed an amended motion for modification of parental rights, adding a request to recalculate child support because Erin had graduated from high school. A magistrate heard the matter on June 17, 1999 and filed her decision, in which he recommended that appellant's motion for modification of parental rights and responsibilities be dismissed because appellant failed to file with his motion an affidavit pursuant to R.C. 3109.27(A).[1]
On June 25, 1999, the trial court adopted the magistrate's decision and ordered that appellant's motion seeking a modification of the allocation of parental rights and responsibilities be dismissed for failure to comply with R.C.3109.27. From this judgment, appellant assigns the following error:
 "The trial court committed prejudicial error when it determined it lacked jurisdiction to proceed and dismissed defendant-appellant's post-decree motion for modification of allocation of parental rights and responsibilities for failure of defendant-appellant to file a 3109.27 affidavit."
In appellant's sole assignment of error, he contends that the trial court improperly dismissed his motion because compliance with the affidavit requirement of R.C. 3109.27 is not necessary in intra-state post-decree proceedings. A review of the record demonstrates that appellant did not file objections to the magistrate's decision. Civ.R. 53(E)(3)(b) provides in part:
 "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
It is well-settled law in Ohio that if a party fails to object to a conclusion of law or finding of fact issued by a magistrate, the party is precluded from then raising the issue for the first time on appeal. See, e.g., Waltimire v. Waltimire
(1989), 55 Ohio App.3d 275, 564 N.E.2d 119; Harbeitner v.Harbeitner (1994), 94 Ohio App.3d 485, 641 N.E.2d 206. Because appellant did not file objections to the magistrate's decision, we are unable to reach the merits of appellant's assignment of error.
For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is affirmed.
 _______________________________ PRESIDING JUDGE ROBERT A. NADER
O'NEILL, J., CACIOPPO, J., Ret., Ninth Appellate District, sitting by assignment, concur.
[1] "Each party in a parenting proceeding, in the party's first pleading or in an affidavit attached to that pleading, shall give information under oath as to the child's present address, the places the child has lived within the last five years, and the name and present address of each person with whom the child has lived during that period. * * *." The pleading or affidavit must also include additional information, such as: (1) whether the party has participated in other child custody proceedings; whether the party knows of custody proceedings pending in other states, and (3) whether the party has been convicted of child abuse or neglect.