OPINION
This matter presents a timely appeal from a judgment rendered by the Mahoning County Common Pleas Court, Domestic Relations Division, overruling the objections to the magistrate's decision filed by defendant-appellant, Donald Scott Huffman.
Appellant and plaintiff-appellee, Nancy Jeannine Huffman, were married on April 12, 1975, and two children were born to them during the course of their marriage (only one of whom was a minor at the time of the parties' divorce). The parties began to experience marital difficulties which culminated in appellee filing a complaint for divorce on January 3, 1995. Appellant responded by filing an answer and counterclaim.
Following various pre-trial motions and discovery proceedings, a final divorce hearing commenced before the court magistrate. Upon due deliberation of the evidence and testimony presented, the magistrate issued his decision dated June 12, 1997, granting the parties a divorce. Both appellant and appellee thereafter filed objections to the magistrate's decision. By judgment entry filed November 12, 1997, the trial court remanded this matter to the court magistrate for further hearing on issues, including but not limited to, child support, spousal support, pension benefits and the division of assets.
Following remand and a review of the previous ruling, a subsequent court magistrate issued his decision, along with findings of fact and conclusions of law, on January 27, 1998. The magistrate indicated in his decision that a review of the remaining issues to be decided would be addressed at a hearing scheduled for March 3, 1998. Appellant then filed objections to the magistrate's decision, which were overruled by the trial court.
After a hearing on March 3, 1998, the court magistrate issued his decision dated May 14, 1998, along with findings of fact and conclusions of law, making a final determination as to all outstanding issues between the parties. Appellant again filed objections to the magistrate's decision arguing inter alia that the magistrate erred in ordering him to pay spousal support to appellee in the amount of $500.00 per month for a period of four years. Appellant also complained that the magistrate failed to grant him a credit for the payment of spousal support subsequent to appellee's increase in earnings.
Aside from the fact that appellant specifically took issue with the forfeiture of his interest in the business known as Cinderella Coaches, Inc., he made no further objection to the division of the parties' remaining marital property. Appellant likewise offered no objection with regards to the division of his pension benefits. Following a hearing on appellant's objections, the trial court overruled same by judgment entry filed July 2, 1998. This appeal followed.
Appellant sets forth four assignments of error on appeal.
Due to the inter-related nature of appellant's first and third assignments of error, they will be consolidated for review and allege respectively as follows:
 "THE TRIAL COURT DECISION ON SPOUSAL SUPPORT IS CONTRARY TO THE EVIDENCE AND AN ABUSE OF THE DISCRETION.
 "THE COURT ABUSED ITS DISCRETION IN FAILING TO GRANT THE APPELLANT CREDIT FOR OVERPAYMENT IN SPOUSAL SUPPORT."
Appellant first argues that the trial court lacked a viable basis for awarding appellee spousal support in the amount of $500.00 per month for a period of four years. Appellant points out that appellee was awarded all of the parties' remaining marital property. As such, he contends that the trial court abused its discretion in ordering him to pay spousal support. Appellant believes that the spousal support award in favor of appellee was punitive in nature and constituted an attempt to punish him for actions attributed to him by the court magistrate.
Appellant also argues that the trial court abused its discretion by failing to grant him credit for an overpayment in spousal support. Appellant maintains that appellee was awarded spousal support and the right to collect rents in order that she be able to continue making the mortgage payments on the parties' realty, however, she failed to make such payments. Appellant states that he timely filed a motion with the trial court seeking a credit with regards to his spousal support obligation as a result of the foregoing and as a result of the fact that appellee received an increase in her income.
Appellant claims that the court magistrate continued his effort to punish appellant by refusing to grant a credit in spousal support for the reason that appellant simply was not deserving as a result of his past transgressions in failing to meet his financial obligations pursuant to the court's temporary orders.
An abuse of discretion standard is applicable to a review of a trial court's award of spousal support. Nemeth v.Nemeth (1997), 117 Ohio App.3d 554, 557, citing Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. The term abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore, supra.
Pursuant to R.C. 3105.18 (B), a trial court may award reasonable spousal support in an amount the court deems equitable. Before making the award, the trial court must consider the factors set forth in R.C. 3105.18 (C) (1). The trial court's judgment entry must contain reasoning to support a spousal support award "in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law."Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 97. In the case at bar, the court magistrate and subsequently, the trial court, properly considered the factors set forth in R.C. 3105.18 (C) (1), and addressed those factors considered to be most germane to the determination regarding spousal support.
Contrary to appellant's contention that the trial court lacked a viable basis for awarding appellee spousal support in the amount of $500.00 per month for a period of four years, the court magistrate specifically took into consideration the fact that appellant's income was currently greater than appellee's, the parties' standard of living and the length of the parties' marriage. (Magistrate's Decision dated May 14, 1998, 8). The court magistrate further recognized appellant's misconduct concerning marital funds and the fact that appellant failed to comply with previous court orders. (Magistrate's Decision dated May 14, 1998, 8).
Although appellant maintains that the court magistrate made the award of spousal support in favor of appellee to punish him for previous financial misconduct, such argument is not well-taken. Pursuant to R.C. 3105.18 (C) (1) (n), the court can consider whatever it deems relevant and equitable in fashioning an award of spousal support.
The findings of a trial court with regards to spousal support will be upheld where the record contains some competent evidence to support those findings. Fletcher v. Fletcher (1994),68 Ohio St.3d 464, 468. Both the court magistrate and the trial court had competent evidence to support the findings with regards to the issue of spousal support in this case.
The trial court properly complied with the dictates ofKaechele, supra and gave full consideration to the factors enumerated in R.C. 3105.18 (C). Therefore, the trial court did not abuse its discretion in ordering that appellant make monthly spousal support payments to appellee in the amount of $500.00 for a period of four years.
Additionally, the trial court did not err in refusing to grant appellant a credit for an alleged overpayment of spousal support. At the hearing before the court magistrate on March 3, 1998, the issue of spousal support was revisited. Both parties stipulated that no testimony would be taken and that the record would not be supplemented for purposes of such review. Based upon the evidence which was then before the court, the magistrate found equity did not dictate that a credit be given to appellant for spousal support paid subsequent to appellee's reported change in earnings. It was within the purview of the trial court's discretion to consider appellant's previous financial misconduct in rendering its decision. Therefore, it cannot be said that the trial court abused its discretion in this regard.
Appellant's first and third assignments of error are found to be without merit.
Appellant's second assignment of error alleges:
 "THE FORFEITURE OF ALL MARITAL PROPERTY TO THE PLAINTIFF/APPELLEE WAS CONTRARY TO LAW."
Appellant argues that appellee was awarded all of the parties' marital property without justification. Appellant states that the court magistrate failed to establish values for the property awarded to appellee. Appellant further submits that the court magistrate awarded appellee the parties' business, Cinderella Coaches, Inc., based upon a mistaken belief that appellee ran the business and that appellee's father provided financial assistance in starting the business for which he was not fully compensated.
Appellant's objections to the magistrate's decision were filed on May 28, 1998. Within said objections, appellant complained specifically about the forfeiture of his interest in the parties' business. Appellant made no further objection to the trial court's decision which is the subject of this appeal, concerning all of the parties' marital property.
Pursuant to Civ.R. 53 (E) (3) (b), a party "shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Civ.R. 53 (E) imposes an affirmative duty on the parties to make timely, specific objections in writing to the trial court, identifying any error of fact or law in the magistrate's decision. Therefore on appeal, a party may not assign as error an abuse of discretion of the trial court as an alternative to filing specific objections to the magistrate's decision. Waltimire v. Waltimire (1989), 55 Ohio App.3d 275.
In that appellant did file an objection addressing the award of the parties' business to appellee, we will review the court's decision solely in this regard.
A trial court has broad discretion when fashioning a property distribution in a divorce action. Berish v. Berish
(1982), 69 Ohio St.2d 318. As such, the trial court's order will not be reversed on appeal absent an abuse of discretion. Martinv. Martin (1985), 18 Ohio St.3d 292.
Pursuant to R.C. 3105.171 (C) (1), an equal division of marital assets is the starting point in the trial court's analysis of what would constitute an equitable division. (See Cherry v.Cherry (1981), 66 Ohio St.2d 348). The trial court must make written findings of fact which support the determination that marital property has been equitably divided. R.C. 3105.171 (G). Thus, although an equal property and debt division is a starting point when allocating marital property, a final decision need not be equal to be equitable. Kaechele, supra. A reviewing court in a domestic relations appeal must insure that the trial court's ruling was fair, equitable and in accordance with law considering the totality of the circumstances and refrain from substituting its judgment for that of the trial court unless an abuse of discretion has been shown. Martin, supra at 295.
With regards to the parties' business, the court magistrate specifically stated:
 "Cinderella Coaches, Inc., like all of the parties marital property, became the subject of the Bankruptcy, and the Trustee found that it had no value. In fact, the only testimony in the record is the opinion of the Defendant that it had a value of $20,000.00, one half of which would belong to the Plaintiff to begin with. Although the Defendant was an equal shareholder, the transcript reflects that it was the Plaintiff's parents that put up the initial $9,000.00 capital (Tr. 90-91) and that it was the Plaintiff who `basically ran the business' (Tr. 86). Given the Defendant's dissipation of assets and neglect of obligations, it certainly would be equitable to the Plaintiff to grant her Defendant's limited interest in the business if she desired to continue the same." (Magistrate's Decision dated May 14, 1998, 8).
The court magistrate clearly set forth sufficient reasoning for awarding the parties' business to appellee. Furthermore, as previously stated, the parties stipulated at the hearing before the magistrate on March 3, 1998 that no further testimony would be offered, nor would the record be supplemented. The court magistrate in this case was in the best position to assess the credibility of the witnesses and to determine the weight to be afforded the evidence offered. (See Wilkin v. Wilkin
(1996), 116 Ohio App.3d 315, 319, citing to State v. DeHass (1967), 10 Ohio St.2d 230). It was well within the discretion of the magistrate to believe one witness more than another.
Based upon the totality of the circumstances presented in the case at bar and the fact that the court magistrate set forth sufficient written findings of fact, the trial court was well within its discretion in effecting a division of parties' subject marital asset in an equitable, rather than equal, manner. It cannot be said that the trial court's decision was unreasonable, arbitrary or unconscionable and therefore, the trial court did not abuse its discretion.
Appellant's second assignment of error is found to be without merit.
Appellant's fourth assignment of error alleges:
 "THE COURT HAD NO AUTHORITY TO GRANT THE APPELLEE AN INTEREST IN ANY PENSION BENEFITS OF THE APPELLANT."
Appellant takes issue with the fact that the court magistrate awarded appellee an interest in his retirement benefits, including his 401 (K) plan and his pension plan, without any factual basis for doing so. Appellant claims that the previous magistrate did not incorporate his 401 (K) plan in the division of retirement benefits and since no further evidence or testimony was offered before the subsequent magistrate on review of this issue, the ultimate inclusion of the 401 (K) plan constituted an abuse of discretion.
In his objections to the magistrate's decision which were filed on May 28, 1998, appellant did not complain of any error regarding the subject pension benefits. Therefore, he cannot now assign as error an abuse of discretion of the trial court as an alternative to filing such objection to the magistrate's decision. Waltimire, supra; Civ.R. 53 (E) (3) (b).
Even assuming arguendo that appellant were able to raise this argument on appeal, it would nonetheless fail. In the decision of the former magistrate dated June 12, 1997, both appellant's pension plan and his 401 (K) plan were identified. It was further recognized that the parties stipulated to the fact these funds were available and should be divided by way of a Qualified Domestic Relations Order. The only dispute between the parties on this issue was the date of separation which would be employed in calculating the division of the pension funds. The magistrate therefore determined the date which would be utilized for such calculation.
In the final magistrate's decision dated May 14, 1998, all of appellant's pension funds were again identified, including his 401 (K) plan, and it was again recognized that the parties stipulated to a division of same by way of a Qualified Domestic Relations Order. (Magistrate's Decision dated May 14, 1998, 4, 6). The magistrate further set forth the same date of separation as that which was established by the previous magistrate. (Magistrate's Decision dated May 14, 1998, 4, 14).
Given the fact that the parties repeatedly stipulated to a division of appellant's retirement benefits and neither party offered additional testimony or evidence on this issue at the hearing before the magistrate on March 3, 1998, neither the court magistrate nor the trial court abused their discretion in awarding appellee an interest in all of appellant's pension funds.
Appellant's fourth assignment of error is found to be without merit.
The judgment of the trial court is affirmed.
Vukovich, J., concurs. Waite, J., concurs.
 ______________________________ EDWARD A. COX, PRESIDING JUDGE