OPINION
Appellant, Sarah Ann Stevens (nka Sarah Ann Kilbourne), and appellee, Kenneth M. Stevens, were granted a dissolution of marriage on January 9, 1980. The following paragraph is included in their separation agreement, which was adopted by the court in its judgment entry:
 "9. REAL ESTATE. The Husband shall Quit-Claim all of his interest in and to the real estate located at 410 Pennsylvania Ave., McDonald, Ohio, to the Wife, for which the Wife shall then execute in favor of the Husband a mortgage deed in the amount of $5,000.00, with no interest thereon, due and payable upon the remarriage of the Wife, or upon the sale of the premises * * *."
On October 2, 1997, Mr. Stevens filed a motion for contempt in which he requested $5,000 plus interest from July 5, 1996, attorney fees, court costs, and any other relief to which he might be entitled. The court referred the matter to a magistrate for a hearing, held on December 4, 1997. As a result of the hearing, the magistrate made the following findings:
(1) Ms. Stevens remarried on July 5, 1996;
 (2) Ms. Stevens refused, after several demands by Mr. Stevens, to pay the $5,000.00 due in violation of item #9 of the separation agreement;
 (3) Ms. Stevens did not execute a mortgage deed pursuant to the separation agreement; and
 (4) Ms. Stevens's claim that her failure to execute a mortgage deed, pursuant to the agreement, precludes Mr. Stevens's right to collect the $5,000.00 is without merit.
In consideration of these findings, the magistrate issued a decision, on December 4, 1997, in which he recommended that Ms. Stevens be: held in contempt; sentenced to two days in the Trumbull County jail; ordered to pay Mr. Stevens $5,000.00 with statutory interest from July 5, 1996 and Mr. Stevens attorney's fees and costs, in the amount of $375.00. However, the magistrate also suggested that Ms. Stevens be permitted to purge the contempt finding and avoid jail time and paying attorney's fees by paying Mr. Stevens $5,000.00 plus interest by February 4, 1998. The trial court approved the magistrate's decision and incorporated the magistrate's findings into its own judgment entry, on December 11, 1997. Appellant did not file objections to the magistrate's December 4 decision.
On January 5, 1998, Ms. Stevens filed an appeal from that judgment order, which we dismissed, on March 19, 1999, due to lack of a final, appealable order. In re: Stevens (Mar. 19, 1999), Trumbull App. No. 98-T-0002, unreported.
On May 5, 1999, the matter came before a magistrate for hearing to determine the status of the case. At that time, Ms. Stevens moved for dismissal, asserting that Mr. Stevens lacked standing to enforce the cause of action because he had filed a petition for bankruptcy in 1980. In his recommendation resulting from that conference, the magistrate determined, based on a phone conversation with a United States Bankruptcy trustee, that appellant's motion to dismiss was without merit. He recommended that her motion to dismiss be overruled and that appellee be awarded $1,520 in attorneys' fees. On May 18, 1999, the trial court adopted the magistrate's decision and set the matter for a hearing to determine whether appellant had complied with the contempt order of December 11, 1997. On June 1, 1999, appellant filed objections to the magistrate's decision, which were overruled on June 4, 1999. On June 17, 1999, the trial court determined that appellant had failed to comply with the contempt order and imposed sanctions on her.
Appellant raises the following assignments of error:
 "[1.] The trial court erred in failing to permit counsel for appellant to call all relevant witnesses, in restricting the examination of witnesses permitted to testify, and in rendering a decision without allowing all pertinent defenses to be presented.
 "[2.] The trial court erred in finding appellant in contempt since appellee failed to establish a prima facie case of entitling him to such relief [sic].
 "[3.] The trial court erred in finding appellant responsible for appellee's attorney fees since appellee failed to establish that said attorney fees were reasonable and customary for the services rendered.
 "[4.] The trial court erred in denying appellant's motion to dismiss, where the undisputed facts and applicable law clearly indicate that appellee no longer had the right to pursue his purported interest in the marital real estate."
Appellant's first three assignments of error argue the merits of the magistrate's December 4, 1997 decision, to which she never objected.
Civ.R. 53(E)(3)(b) provides in part: "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." It is well-settled law in Ohio that if a party fails to object to a conclusion of law or finding of fact issued by a magistrate, the party is precluded from then raising the issue for the first time on appeal. See, e.g., Waltimire v. Waltimire (1989), 55 Ohio App.3d 275,564 N.E.2d 119. Because appellant did not file objections to the magistrate's decision, we are unable to reach the merits of appellant's assignment of error. Nadaud v. Nadaud (Mar. 31, 2000), Trumbull App. No. 99-T-0087, unreported.
Furthermore, Civ.R. 53(E)(3)(b) provides that: "* * * [a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. * * *" In the instant case, appellant failed to file a transcript of the magistrate's hearing or an affidavit with the trial court. In Dintinov. Dintino (Dec. 31, 1997), Trumbull App. No. 97-T-0047, unreported, this court held that when a party fails to file a transcript or an affidavit with her objections in the trial court, "[t]he objecting party is * * * precluded from arguing factual determinations upon appeal." As a result, appellant would also be barred from challenging the magistrate's factual findings in this appeal because she failed to provide the trial court with a proper record of the magisterial proceedings. Appellant's first three assignments of error are without merit.
In her fourth assignment of error, appellant asserts that the trial court erred by failing to dismiss the cause of action. Appellant argues that, pursuant to federal bankruptcy law, specifically Section 541, Title 11, U.S. Code, appellee no longer has a right to pursue this cause of action against her because he has filed a petition for bankruptcy.
Unlike her first three assignments of error, appellant did properly preserve this argument by filing timely objections to the magistrate's decision.
From the record, we are unable to determine what effect appellee's filing of a bankruptcy petition had on the clause in the separation agreement. Appellant has raised the issue that appellant filed for bankruptcy in 1980, but presented no other evidence to indicate the outcome of the proceedings. The magistrate's decision of May 5, 1999 refers to appellant's motion to dismiss as "a convoluted argument involving bankruptcy issues" and makes reference to a telephonic conference held with a United States bankruptcy trustee that convinced him that appellant's argument was groundless, contrary to law, and without merit; however, the content of that conversation is not revealed. As the party raising an argument, appellant has the burden to produce sufficient facts to persuade the court that she is entitled to the relief for which she prayed. From the record before us, it is clear that appellant did not meet that burden.
Appellant's fourth assignment of error lacks merit.
For the foregoing reasons, the judgment of the trial court is affirmed.
 ___________________________ JUDGE ROBERT A. NADER
FORD, P.J., O'NEILL, J., concur.