DECISION AND JUDGMENT ENTRY
This is an appeal from the Adams County Common Pleas Court judgments denying a motion to modify child support and a motion to modify spousal support filed by Ronald W. Jodrey, defendant below and appellant herein.
Appellant raises the following assignment of error:
 "THE TRIAL COURT ERRED BY DENYING DEFENDANT-APPELLANT'S MOTION TO MODIFY HIS CHILD SUPPORT ORDER PURSUANT TO AND BY THE REQUIREMENTS SET FORTH IN CIV.R. 75(J) AND O.R.C. 3113.215(B)(4). FURTHER, THE TRIAL COURT ERRED BY DENYING DEFENDANT-APPELLANT'S MOTION TO TERMINATE/MODIFY HIS SPOUSAL SUPPORT ORDER PURSUANT TO AND BY THE REQUIREMENTS SET FORTH IN CIV.R. 75(J) AND O.R.C. 3105.18."
On October 30, 1976, appellant and Debra J. Jodrey, plaintiff below and appellee herein, married. The parties had four children: (1) Michael L. Jodrey, born September 22, 1976; (2) Bradley W. Jodrey, born December 4, 1979; (3) Justin T. Jodrey, born August 20, 1984; and (4) Jared R. Jodrey, born August 20, 1984.
In 1996, the parties divorced. Pursuant to the divorce decree, the court ordered appellant to pay child and spousal support.
On July 22, 1998, the Adams County Child Support Enforcement Agency filed a motion to modify appellant's child support obligation. Apparently, the agency filed the motion because one of the parties' children had become emancipated. On September 22, 1998, the magistrate modified appellant's child support obligation to $685.72 per month. On September 23, 1998, the trial court adopted the magistrate's decision.
On October 16, 1998, appellant filed objections to the magistrate's decision. Also on October 16, 1998, appellant filed separate motions to modify child support and to modify spousal support. Appellant alleged that a medical condition required him to reduce his work load and that his income would be reduced. Appellant argued that his reduced income will cause financial hardship if he is required to pay the current levels of child support and spousal support.
On September 21, 1999, the magistrate modified appellant's child support obligation. On October 1, 1999, the trial court adopted the magistrate's decision, and on October 5, 1999, appellant filed objections with respect to the magistrate's decision regarding child support.
On October 13, 1999, the magistrate dismissed appellant's motion to terminate spousal support, and also on October 13, 1999, the trial court adopted the magistrate's decision dismissing appellant's motion to terminate spousal support.
On January 4, 2000, the trial court remanded the matter for further consideration of child support. On March 1, 2000, the magistrate decided that appellant had failed to establish that his income would be diminished. Thus, the magistrate concluded that the child support obligation need not be modified. On March 6, 2000, the trial court adopted the magistrate's decision. On April 5, 2000, appellant filed a notice of appeal.
In his sole assignment of error, appellant raises two arguments. First, appellant contends that the trial court erred by refusing to modify his child support obligation. Second, appellant asserts that the trial court erred by dismissing his motion to terminate spousal support. We disagree with appellant.
First, we note that appellant has waived any error with respect to the trial court's decision refusing to modify appellant's child support obligation. Civ.R. 53(E)(3)(b) provides that "a party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected" to the magistrate's finding or conclusion in accordance with Civ.R. 53. If a party fails to object to a magistrate's finding or conclusion, the party waives the right to challenge the finding or conclusion on appeal. See Staff Notes to Civ.R. 53(E)(3)(b) (stating that "the rule reinforces the finality of trial court proceedings by providing that failure to object constitutes a waiver on appeal of a matter which could have been raised by objection"); Group One Realty, Inc. v. Dixie International Co. (1998),125 Ohio App.3d 767, 709 N.E.2d 589; McDonald v. McDonald (Aug. 27, 1998), Highland App. No. 96 CA 912, unreported; see, also, Harbeitner v.Harbeitner (1994), 94 Ohio App.3d 485, 489, 641 N.E.2d 206, 208;Waltimire v. Waltimire (1989), 55 Ohio App.3d 275, 276, 564 N.E.2d 119,120 (stating that "[a] party on appeal, from a final judgment, may not assign as error an abuse of discretion of the trial court as an alternative to filing in the trial court objections to the referee's report"); Proctor v. Proctor (1988), 48 Ohio App.3d 55, 548 N.E.2d 287;Adams v. Speakman (Nov. 30, 2000), Franklin App. No. 00AP-552, unreported; Albrecht v. Albrecht (Feb. 23, 1999), Franklin App. No. 98-AP-543, unreported; White v. White (Mar. 3, 1998), Scioto App. No. 97 CA 2511, unreported.
In the case at bar, because appellant failed to object to the magistrate's March 1, 2000 decision, appellant has waived the argument that the trial court erred by adopting the magistrate's decision.
Assuming, arguendo, that appellant had properly preserved the child support issue for review, we find no merit to appellant's argument. Both the magistrate and the trial court found that appellant failed to present competent evidence that his income would be diminished so as to require a modification of his child support obligation.[1] In fact, appellant testified that from "workers' comp" and sick pay, he would receive "the same amount of money as if he worked." It is well-settled that issues concerning the weight of the evidence generally are matters reserved to the trial court and that an appellate court ordinarily will not disturb a trial court's factual findings. See, e.g., Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273, 1276. Because appellant failed to demonstrate any change of circumstance, we conclude that the trial court properly denied his motion to modify child support.
With respect to appellant's argument that the trial court erred by refusing to terminate the spousal support order, we note that we lack jurisdiction to consider the issue. App.R. 4(A) requires a party who wishes to appeal a trial court's judgment to file a notice of appeal within thirty days of the judgment. In the case at bar, the trial court entered its judgment denying appellant's motion to terminate spousal support on October 13, 1999. Appellant did not file a notice of appeal within thirty days of the October 13, 1999 judgment.
Assuming, arguendo, that appellant had properly preserved this issue for review, we would find no merit to appellant's argument. Once again, issues concerning the weight of the evidence are matters reserved to the trial court. Appellate courts will generally refuse to disturb a trial court's factual findings. In the instant case, we agree with appellee and the trial court that appellant failed to sufficiently support his spousal support modification request.
Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________________ Peter B. Abele, Presiding Judge.
Harsha, J. Evans, J.: Concur in Judgment Opinion
[1] The March 1, 2000 Magistrate's Decision provides in part:
 "The Court finds that upon recommendation, that Ronald Jodrey failed to establish any diminution of income during his period of disability or sickness and therefore is not entitled to a reduction in support during the period claimed. Original order reinstated and current order and worksheet attached."
The trial court's March 6, 2000 Judgment Entry, which adopted the March 1, 2000 Magistrate's Decision, specifically found that "Ronald Jodrey failed to establish any diminution of income during his claimed period of disability or sickness."