**GROUP ONE REALTY, INC., Appellant,**

**v.**

**DIXIE INTERNATIONAL COMPANY et al., Appellees.**

[Cite as *Group One Realty, Inc. v. Dixie Internatl. Co.* (1998), 125 Ohio App.3d 767.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APE09–1242.

Decided April 14, 1998.

*Wallace & Warner Co., L.P.A.,* and *Paul L. Wallace,* for appellant.

*Gibson & Robbins–Penniman* and *J. Miles Gibson,* for appellees.

PETREE, Judge.

Plaintiff, Group One Realty, Inc., now appeals from a decision of the Franklin County Court of Common Pleas, adopting the report of a magistrate rendered subsequent to a jury-waived trial.

On January 26, 1996, plaintiff filed a complaint alleging that it was owed broker's commissions pursuant to a contract entered into by plaintiff and defendants, Joe L. Baca and Dixie International Co. On May 21, 1996, the matter was referred to a magistrate, who, on April 4, 1997, presided over a jury-waived trial on the claims set forth in the complaint.[1] Thereafter, the magistrate issued a decision in which he found that there was no contract between the parties for the payment of commissions. No objections to the magistrate's decision were filed and, on August 26, 1997, the trial court entered judgment in favor of defendants. On September 19, 1997, plaintiff filed a notice of appeal. Plaintiff now raises the following assignments of error:

"[I.] The trial court committed prejudicial error in failing to find a course of conduct between plaintiff-appellant and defendant-appellee entitling plaintiff-appellant to a commission on the renewal of the lease of the subject property.

"[II.] The trial court committed prejudicial error in holding that there was no contract between plaintiff-appellant and defendant-appellee which covered the defendant-appellee's subsequent sublease of the property in 1995."

Although the parties have thoroughly briefed the issues raised in the foregoing assignments of error, for the reasons that follow, we find that we are precluded from reaching the merits of this appeal due to plaintiff's failure to timely file objections to the magistrate's decision.

As set forth in Civ.R. 53(E), a party may, if it so desires, file objections to a magistrate's decision within fourteen days of the filing of the decision. Civ.R. 53(E)(3)(a). See, also, Loc.R. 99.05 of the Franklin County Court of Common Pleas, General Division. However, while Civ.R. 53 provides that a party may file objections, Civ.R. 53(E)(3)(b) provides that "[a] party *shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.*" (Emphasis added.)

Here, it is undisputed that plaintiff filed no objections to the magistrate's findings of fact or conclusions of law. Thus, according to the express terms of

---

1. Reference to the magistrate was made pursuant to Civ.R. 53 and Loc.R. 99.02 of the Franklin County Court of Common Pleas, General Division.

Civ.R. 53(E)(3)(b), plaintiff has waived its right to appeal the trial court's adoption of those findings and conclusions to this court.

Nevertheless, prior to oral argument, the court contacted the parties to request supplemental briefing in regard to whether the filing of an objection to the decision of a magistrate is a prerequisite to appellate review. In response, supplemental briefs were filed by defendants on March 20, 1998 and by plaintiff on March 23, 1998. In its supplemental brief, plaintiff now argues that the magistrate's failure to consider applicable Ohio agency and commercial law constituted an apparent error of law or other defect on the face of the magistrate's decision that should have prohibited adoption by the trial court.

In what may have been intended to be an exception to the general rule contained within Civ.R. 53, Civ.R. 53(E)(4)(a) provides that a "court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision." The 1995 Staff Note to Civ.R. 53(E)(4) indicates that "an error of law or other defect on the face of the magistrate's decision" is one that amounts to an "apparent error." See *In re Adoption of Williams* (Feb. 25, 1997), Franklin App. No. 96APF06–778, unreported, 1997 WL 84659.

Here, as the trier of fact, the magistrate heard the testimony given by the parties, weighed that testimony, and came to the conclusion that no contract for the payment of commissions existed between plaintiff and defendants. "Where a court's factual finding is based on its resolution of conflicting evidence, this court will not substitute its judgment for that of the trial court." *Davis v. Continental Ins. Co.* (Apr. 29, 1997), Franklin App. No. 96APE06–795, unreported, 1997 WL 217584, citing *Sowards v. Norbar, Inc.* (1992), 78 Ohio App.3d 545, 605 N.E.2d 468. Thus, contrary to plaintiff's suggestion, we find no error on the face of the magistrate's decision and that plaintiff's assignments of error fit squarely within the operation of Civ.R. 53(E)(3)(a).

Based upon the foregoing, plaintiff's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

DESHLER, P.J., and TYACK, J., concur.