OPINION
This timely appeal arises from a judgment of the Mahoning County Court of Common Pleas whereby the trial court adopted a magistrate's decision entering judgment for Appellees, dismissing Appellants' counterclaim and overruling Appellants' Civ.R. 53 (E) objection. For the following reasons this Court affirms the judgment of the trial court.
Appellants, Denise Vance and Jennifer Phillips, separately entered into agreements with Appellees, Sheet Metal Workers' Local No. 33 Apprenticeship and Training Committee and National Fund for the Sheet Metal and Air Conditioning Industry, to obtain educational loans. (Magistrate's Decision, p. 2). Repayment of these loans was waived upon the condition that each Appellant perform a specific term of employment for a member employer. (Magistrate's Decision, p. 2). Member employers are those who contribute money to the education fund from which the loan proceeds originate. (Magistrate's Decision, p. 2)
At the end of their education funded by these loans, Appellants failed to perform the requisite period of employment with a member employer and each Appellant was required to repay their respective loans. (Magistrate's Decision, p. 2). Both Appellants defaulted on their loans and Appellees filed separate suits against each Appellant on April 4, 1996. (Brief of Appellees, p. 2)
On December 31, 1996, Appellants moved the court to consolidate the two cases. This motion was granted on January 16, 1997. (Judgment Entry of January 16, 1997) In the same judgment entry, the court set the date of February 6, 1997 for both cases to be tried before a magistrate. On January 22, 1997, Appellants filed an untimely demand for a jury trial. (Demand for Jury Trial, January 22, 1997). Appellants and their counsel failed to appear for trial and the magistrate held it in their absence. (Magistrate's Decision, p. 1). After hearing the evidence presented by Appellees, the magistrate denied the demand for a jury trial, dismissed Appellant Phillips' counterclaim and entered judgment in favor of Appellees. (Magistrate's Decision, p. 2)
On February 12, 1997, Appellants filed a Civ.R. 53 (E) objection to the magistrate's decision. (Objection to Magistrate's Decision, February 12, 1997). This objection asserted that Appellants' failure to appear for the trial was a result of mistake, inadvertence, or excusable neglect. Appellants' counsel alleged that he was informed verbally by the court's assignment office that the trial was continued and that there was no need to appear. (Affidavit of Raymond J. Masek, February 12, 1997). On May 2, 1997, the trial court overruled Appellants' objection on the basis that there was no error of law or fact or other defect. (Judgment Entry. May 2, 1997). As a result, the trial court adopted the magistrate's decision as its own and entered judgment against Appellants. It is from this decision that the present appeal arises.
In their sole assignment of error, Appellants assert:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS IN FAILING TO CONSIDER THE APPELLANTS' RIGHT TO A TRIAL AS TO THE MERITS OF APPELLEES CASE AND THEIR OWN COUNTERCLAIM IN VIEW OF APPELLANTS CIV.R. 60 ARGUMENT. A TRIAL TO JURY IS NOT AT ISSUE."
Appellants' argument centers around the trial court's refusal to reschedule the trial held before the magistrate despite Appellants' failure to appear. Appellants' Civ.R. 53 objection and its accompanying affidavit asserts that Appellants' failure to appear at the trial was the result of an alleged conversation Appellants' counsel had with the court's assignment office whereby Appellants' counsel was allegedly informed that the trial had been continued. (Affidavit of Raymond J. Masek, February 12, 1997). We note preliminarily that there is no evidence in the record to support this contention. Appellants filed a Civ.R. 53 (E) objection to the magistrate's decision as a vehicle to urge the trial court to hold another trial in this action. There was no transcript of the proceedings attached to Appellants' objection nor is a transcript of those proceedings made part of the record before this Court.
Civ.R. 53(E)(3) pertains to objections to a magistrate's findings of fact and/or conclusions of law. At the trial, the magistrate made the following findings of fact:
 1) The Appellees administer multi-employer apprenticeship funds.
 2) The funds are created to provide for apprenticeship training for sheet metal workers.
 3) The cost of the training is lent to the apprentices.
 4) In the event an apprentice works for a member employer for a prescribed period of time, repayment of the loan is waived. Otherwise repayment is required.
 5) The Appellants executed loan agreements and received the training.
 6) The Appellants breached the loan agreements they executed by accepting employment with an employer who is not a signatory to a collective bargaining agreement providing for contributions to the fund.
 7) The Appellants had not worked for an employer who is such a signatory for the prescribed length of time.
 8) The loan agreements provide that Appellants are liable to the Appellees for reasonable attorneys fees incurred by Appellees in seeking payment of monies owed them by Appellants.
 9) Attorney fees costs were incurred by the Appellants in this case.
The magistrate then made the following conclusions of law:
 1) Having breached the agreements, the Appellants are liable to the Appellees for the damages as provided in the agreements.
 2) The Appellants have failed to present any evidence in support of their counterclaims, and the same should be dismissed.
Appellants' Civ.R. 53 objection to the trial court and assignment of error to this Court does not challenge any findings of fact or conclusions of law made by the magistrate. Civ.R. 53 (E)(3)(b) provides that, "a party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion." Appellants' objection and assignment of error merely challenges the trial court's decision not to hold another trial following their Civ.R. 60 (B) argument and for adopting the magistrate's judgment as its own. Thus, according to the express language of this rule, Appellants waived their right to appeal the trial court's adoption of those findings and conclusions.Group One Realty, Inc. v. Dixie International Co. (1998),125 Ohio App.3d 767, 768-69.
In the absence of specific objections to the magistrate's findings of fact and conclusions of law, the trial court may adopt the magistrate's decision unless it determines that there is an error of law or other defect on the face of the magistrates decision. Civ.R. 53(B)(4)(a); Group One Realty, supra, at 769. As there was no transcript of the proceedings for the trial court to consider and none was made part of the record before us, our review of this matter is limited. This Court will overturn the trial court's decision to adopt the magistrate's judgment only upon a finding of an abuse of discretion by the trial court.Baire v. Baire (1995), 102 Ohio App.3d 50, 53; See also, Proctor v. Proctor (1988), 48 Ohio App.3d 55 (holding that when there is no transcript made part of the record, appellate review of a trial court's adoption of a magistrate's decision is limited to an abuse of discretion). An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State exrel. Edwards v. Toledo City School Dist. Bd. of Edn. (1995),72 Ohio St.3d 106, 107.
It is important to note that Appellants do not allege that the trial court abused its discretion. Additionally, our review of the record before us fails to indicate any abuse of discretion. The record reveals that a Judgment Entry dated January 16, 1997, consolidated both cases at Appellants' request. This Judgment Entry also states that, "both trials will be heard on February 6, 1997." A Notice of Assignment is also included in the record which served as a reminder to counsel concerning the trial date of the consolidated cases. Notwithstanding Appellants' argument to the contrary, this Court finds no confusion in the scheduling of the trial of these cases and no abuse of discretion in the trial court's refusal to hold another hearing.
Appellants nonetheless maintain that the trial court erred by not rescheduling the trial before the magistrate, "in view of Appellants Civ.R. 60 argument." (Appellants' Assignment of Error). While we have already stated that the trial court was within its sound discretion in so refusing, the trial court also had no appropriate procedural grounds for granting Appellants' requests. Civ.R. 60 is captioned "Relief from Judgment or Order". This rule provides the means for a party to seek relief from afinal judgment of the court. The proper method to invoke Civ.R. 60 is by motion to the court. Id. at (B). Appellants never filed a Civ.R. 60 motion. Instead, Appellants filed a timely Civ.R. 53 objection to the magistrate's decision, citing within this objection one of the enumerated grounds for seeking relief pursuant to Civ.R. 60 (B). Specifically, Appellants' allege that their failure to appear at the trial before the magistrate was the result of mistake, inadvertence or excusable neglect. See
Civ.R. 60(B)(1).
In essence, Appellants assign error to the trial court's failure to grant relief under a motion that was never made. Indeed, Appellants' Civ.R. 53 objection could not be considered in the same manner as a motion filed pursuant to Civ.R. 60 as Civ.R. 60 is only applicable to final judgments. At the time Appellants objected to the magistrate's decision, there was no final judgment from which to seek relief. Final judgment came after the trial court considered Appellants' objection, overruled that objection, and adopted the magistrate's judgment as its own.
The proper method to seek redress from the court's adoption of the magistrate's decision was to either file a specific Civ.R. 53 objection to the magistrate's findings of fact or conclusions of law accompanied by a transcript of the proceedings, file a Civ.R. 59 motion for a new trial, or file a Civ.R. 60 motion to set aside the final judgment of the court after it adopted the magistrate's decision. Appellants availed themselves of none of these procedural alternatives. A Civ.R. 53 objection lacking in the required specificity, which does not challenge findings of fact or conclusions of law and is unaccompanied by a transcript of the trial before the magistrate is not the proper means to secure the relief sought by Appellants.
As there was no error of law or other defect on the face of the magistrate's decision, we find no abuse of discretion in the trial court's adoption of the magistrate's decision as its own. We therefore overrule Appellants' sole assignment of error and affirm the judgment of the trial court.
Vukovich, J., concurs.
Cox, P.J., concurs.
APPROVED:
 ____________________________________ CHERYL L. WAITE, JUDGE