DECISION AND JUDGMENT ENTRY
Appellee, Joan E. Hennessy, has filed a motion to dismiss the appeal filed on May 24, 1999 by James Hennessy from an order of the trial court adopting a magistrate's decision. In the motion, appellee states that since appellant did not file objections to the magistrate's decision, he has waived his right to appeal pursuant to Civ.R. 53(E)(3)(b), which states:
"(3) Objections.
 "(b) Form of objections. Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
Appellee cites Group One Realty v. Dixie Internatl. Co.
(1998), 125 Ohio App.3d 767, in support of her argument that this appeal should be dismissed. In that case, the court did not dismiss the appeal on jurisdictional grounds, but found all of appellant's assignments of error not well-taken and affirmed the order of the trial court. The court noted an exception to the Civ.R. 53(E)(3)(b) rule that failure to file objections to the magistrate's decision precludes appellate review. This exception is found in Civ.R. 53(E)(4)(a) which states, "[t]he court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law orother defect on the face of the magistrate's decision." (Emphasis added.)
Therefore, we find that appellee's argument in support of her motion to dismiss goes to the merits of appellant's appeal, not to the jurisdiction of this court to entertain an appeal. This court has jurisdiction to hear appeals from final orders of inferior courts within this district and appellant has appealed from such an order.
 "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district, * * *." Section 3(B)(2), Article IV, Ohio Constitution.
We will determine whether appellant is precluded by Civ.R. 53 from bringing his assignments of error to this court when we are presented with the actual assignments of error briefed by appellant. We decline to make that determination at this stage of the proceedings.
Accordingly, the motion to dismiss is denied.
James R. Sherck, J., Richard W. Knepper, P.J.,Mark L. Pietrykowski, J., CONCUR.