OPINION
Plaintiff-appellant, Bernadine Lade, appeals from a Clermont County Municipal Court judgment entry granting a motion for relief from judgment. For the reasons that follow, we affirm the decision of the trial court.
On November 28, 1995, appellant filed a complaint in municipal court against defendant-appellee, Randy Wheeler dba Quality Plumbing. This complaint raised breach of contract and negligence claims. The complaint and a summons were sent to Wheeler by certified mail on December 7, 1995. The summons and complaint were returned "unclaimed." Appellant filed a precipae for ordinary mail service on January 30, 1996. The clerk of courts sent the complaint by ordinary mail on January 31, 1996 which completed service. Appellant filed an application for default judgment on May 14, 1996. The trial court entered a default judgment in favor of appellant on May 16, 1996.
Wheeler filed a motion for relief from judgment on June 10, 1999. He claimed that he was not properly served with process and that he did not receive any actual notice of the action against him at the time that the default judgment was granted. Appellant filed a memorandum in opposition. A magistrate held a hearing on the matter and then issued a decision granting relief from judgment on August 27, 1999. The trial court four days later adopted the magistrate's decision on August 31, 1999.
Appellant filed objections to the magistrate's decision on September 23, 1999. The trial court did not respond to these objections. Appellant filed this appeal on September 28, 1999. Appellant raises a sole assignment of error for our review:
 THE TRIAL COURT ERRED IN NOT ALLOWING FOURTEEN DAYS TO FILE WRITTEN OBJECTIONS TO THE REPORT OF THE MAGISTRATE BEFORE ADOPTING THE REPORT, AND IN ADOPTING THE REPORT OF THE MAGISTRATE, WHICH CONTAINED ERRORS OF LAW ON ITS FACE.
Appellant argues that the trial court erred by adopting the magistrate's decision without waiting fourteen days to allow appellant to object to the magistrate's decision. Appellant also asserts that the magistrate's decision contains errors of law.
Civ.R. 53(E) provides in relevant part the following:
(3) Objections
 (a) Time for filing. Within fourteen days of the filing of a magistrate's decision, a party may file written objections to the magistrate's decision. * * *
 (b) Form of objections. Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. * * * A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
(4) Court's action on magistrate's decision.
 (a) When effective. The magistrate's decision shall be effective when adopted by the court. The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision.
 (b) Disposition of objections. The court shall rule on any objections. The court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. The court may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration.
 (c) Permanent and interim orders. The court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered. (Emphasis added.)
The magistrate's decision granting relief from judgment was issued on August 27, 1999, and the trial court adopted the magistrate's decision four days later. Pursuant to Civ.R. 53(E)(4)(c), the trial court was not required to wait fourteen days before adopting the decision of the magistrate.
Moreover, appellant's objections were not timely filed. Appellant filed a "Motion to Set Aside Court's Order on Magistrate's Report Filed August 31, 1999" and objections to the magistrate's decision on September 23, 1999, more than fourteen days after the magistrate's decision. Civ.R. 53(E)(4)(c) states that "the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered." (Emphasis added.) We find that appellant's untimely objections did not operate as an automatic stay of the trial court's judgment. In addition, we note that appellant's objections to the magistrate's decision did not provide any excuse or reason that justified her failure to meet the fourteen-day deadline for filing objections to a magistrate's decision.[1]
Because the record shows that the trial court adopted the magistrate's decision without modification, we can presume that the trial court did not find an error of law or other defect in the magistrate's decision. See Civ.R. 53(E)(4)(a). Civ.R. 53(E)(4)(a) states that a "court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision." The 1995 Staff Note to Civ.R. 53(E)(4) explains that "an error of law or other defect on the face of the magistrate's decision" refers to an "apparent error." Group OneRealty, Inc. v. Dixie Internatl. Co. (1998), 125 Ohio App.3d 767,769.
The magistrate held a hearing on the motion for relief from judgment. The court reporter filed an affidavit with this court indicating that the tapes of this hearing have been lost. Appellant does not challenge any of the magistrate's factual findings, but argues that there are errors of law on the face of the magistrate's decision, which granted Wheeler's motion for relief from judgment.
In order to prevail on a motion for relief from judgment under Civ.R. 60(B), the moving party must show (1) a meritorious defense or claim to present if relief is granted, (2) entitlement to relief under one of the grounds provided for in the rule, and (3) that the motion was made within a reasonable time. GTEAutomatic Elec., Inc. v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Where timely relief is sought from a default judgment and the movant has a meritorious defense, any doubt should be resolved in favor of the motion for relief from judgment so that cases may be decided on their merits. Id.
at paragraph three of the syllabus.
The motion for relief from judgment asserted that Wheeler "was not properly served with process in that he had no actual notice of the action until after April 2, 1999." The magistrate found that Wheeler had a meritorious defense to present and had filed the motion within a reasonable time after receiving actual notice of the judgment against him. Based on these findings, the magistrate determined that Wheeler should be granted relief from judgment under Civ.R. 60(B)(5). Reviewing the magistrate's decision, as adopted by the trial court, we find no apparent error of law, as there appears to be substantial grounds for invoking Civ.R. 60(B)(5). See Dixon v. Nickell (Dec. 30, 1996), Warren App. No. CA96-07-064, unreported. The assignment of error is overruled.
Judgment affirmed.
 _____________________ VALEN, J.
POWELL, P.J., and YOUNG, J., concur.
[1] Appellant filed this appeal just five days after filing objections to the magistrate's decision, and it appears that the trial court did not have the opportunity to review appellant's objections.