JOURNAL ENTRY AND OPINION
Defendant-appellant Mega Solutions, Incorporated (appellant) appeals from the trial court's order awarding Mars Employment four thousand dollars ($4,000.00) plus interest in a contract dispute.
Appellant assigns the following error for review:
 THE TRIAL COURT ERRED IN GRANTING JUDGMENT FOR PLAINTIFF DESPITE THE EXISTENCE OF EVIDENCE SUPPORTING DEFENDANT.
Finding the appeal to lack merit, the judgment of the trial court is affirmed.
 I.
On October 9, 1998, Mars Employment filed a complaint in the Lyndhurst Municipal Court. Mars Employment is a placement and recruitment service. In the complaint, Mars Employment averred that appellant hired a computer programer who Mars Employment placed with appellant. The parties' contract called for a fee of six thousand dollars ($6,000.00) if appellant hired an employee placed with it through the efforts of Mars Employment. Appellant paid Mars Employment two thousand dollars ($2,000.00) pursuant to the contract. Mars Employment claimed that appellant owed it the sum of four thousand dollars ($4,000.00) plus interest from January 1, 1998.
On February 19, 1999, the matter came before the magistrate for a hearing with both parties present. The magistrate issued a decision awarding four thousand dollars ($4,000.00) plus interest from May 3, 1996, to Mars Employment. On March 11, 1999, appellant filed an objection to the magistrate's decision. Appellant's sole objection to the magistrate's decision was in regard to the award of interest from May 3, 1996. The trial court granted appellant's objection. The trial court entered judgment for Mars Employment for four thousand dollars ($4,000.00) plus interest from January 1, 1998.
 II.
In its assignment of error, appellant contends the trial court erred by granting judgment in favor of Mars Employment because an employee of Mars Employment agreed that the computer programer would be replaced with another employee at no additional cost. Appellant avers that Mars Employment failed to provide the replacement employee and, therefore, it did not owe a fee to Mars Employment.
Missing from the record before this court is a copy of the contract between the parties and a hearing transcript or statement of the evidence. An appellant bears the burden of showing error by reference to matters in the record. See App.R. 16(A)(6) and (7). The appellant has the duty of providing a reviewing court with a record of the facts, testimony, and evidentiary matters which are necessary to support the appellant's assignments of error. Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313.
 When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.
Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Because appellant did not provide this court with an adequate record, the judgment of the trial court will be presumed to be valid and affirmed.
Further, pursuant to Civ.R. 53(E)(3)(b), a party cannot assign as error on appeal the trial court's adoption of any finding of fact or conclusion of law made by a magistrate unless that party files an objection with the trial court. The failure to object results in a waiver of the matter on appeal. Group One Realty, Inc. v. Dixie International Co. (1998), 125 Ohio App.3d 767. Appellant's only objection concerned the date interest began to accrue. Appellant filed no objections to the magistrate's findings of fact or conclusions of law below and has waived any assertion of error regarding either.
Appellant's assignment of error lacks merit.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Lyndhurst Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________ LEO M. SPELLACY, JUDGE
TIMOTHY E. McMONAGLE, P.J. and KENNETH A. ROCCO, J. CONCUR.