OPINION.
The defendant-appellant, Janet K. Foust (n.k.a. Janet Darst) ("the appellant"), brings this appeal from a judgment of the Allen County Court of Common Pleas, Domestic Relations Division, denying her motion for a modification of her child support obligation. For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history of the case are as follows. The appellant and the appellee, H. Reed Foust, were married in March 1987. Two children were born as issue of the marriage. The parties were divorced in August 1994. The appellee was designated the residential parent and the appellant was ordered to pay child support. The appellant eventually remarried and on June 23, 1999, she gave birth to another child.
On January 28, 2000, the Allen County Child Support Enforcement Agency ("the CSEA") filed a motion for a modification of the appellant's child support obligation. Specifically, the motion had requested a reduction in the amount of the appellant's child support obligation on the basis that, since the birth of her child on June 23, 1999, she has become a "stay-at-home" mother and is unemployed.
On March 8, 2000, a hearing was held on the matter. By written decision of March 15, 2000, the magistrate assigned to the case overruled the appellant's motion. The motion was overruled on the basis that the appellant was voluntarily unemployed. The magistrate also determined that $19,200 should be imputed to her as "gross income". On April 13, 2000, the trial court adopted the findings and conclusions of the magistrate.
The appellant has asserted the following four assignments of error for this Court to review.
 Assignment of Error No. I The trial court abused its discretion and its decision was against the manifest weight of the evidence when it decided that defendant/appellant was unemployed/underemployed as a matter of law.
 Assignment of Error No. II The trial court abused its discretion and its decision was against the manifest weight of the evidence when it imputed income to the defendant/appellant based upon her employment status as anything other than a full time mother.
 Assignment of Error No. III The trial court erred when it reached a decision which had an ultimate result where a child from a subsequent marriage is not afforded the same advantaged [sic] and privileges as a child from a marriage between the parties.
 Assignment of Error No. IV The trial court abused its discretion and its decision was against the manifest weight of the evidence when it failed to consider and properly weigh the factors set forth in Ohio Revised Code 3113.215(A)(5)(a), 3113.215(A)(3)(L) and (O) when determining what income to impute to defendant/appellant.
The appellant concedes in her reply brief that she failed to file any objections to the magistrate's decision. Nonetheless, the appellant now attempts to appeal the decision of the magistrate.
Civ.R. 53(E)(3)(b), provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected * * *" to the magistrate's finding or conclusion in accordance with Civ.R. 53. If a party fails to object to a magistrate's finding or conclusion, the party generally waives the right to challenge the finding or conclusion on appeal. Group One Realty,Inc. v. Dixie International Co. (1998), 125 Ohio App.3d 767. This Court has previously held the failure to object constitutes a waiver on appeal of the issue. Steinmetz v. Steinmetz (Apr. 18, 2000), Seneca App. No. 13-99-52, unreported; Proctor v. Proctor (1988), 48 Ohio App.3d 55,58-59; Simpson v. Simpson (May 28, 1999), Marion App. No. 9-98-68, unreported.
Having established the appellant failed to file her objections to the decision of the magistrate, we find that she waived her right to challenge those findings or conclusions on appeal.[1] Accordingly, it is not necessary for this Court to address the appellant's four assignments of error. The appellant's appeal is hereby dismissed and the judgment of the trial court is affirmed.
SHAW and BRYANT, JJ., concur.
[1] We note the magistrate's decision dated March 15, 2000, specifically states that "[o]bjections to this Decision shall be filed within fourteen days pursuant to Rule 53 of the Ohio Rules of Civil Procedure."