OPINION
This matter presents a timely appeal from a judgment rendered by the Jefferson County Common Pleas Court, adopting the magistrate's findings and recommendations as its order herein.
Plaintiff-appellant, Dale Edward Visyak, and defendant-appellee, Grace Jane Visyak McGowan, were divorced on April 25, 1985. At the time of their divorce, the parties had two minor children. Appellee was designated the residential parent for the minor children and appellant was ordered to pay child support in accordance with the relevant child support guidelines.
On December 22, 1988, the trial court granted appellant a deviation from the child support guidelines because he had become disabled and was only collecting social security disability income. In consideration of the fact that appellee was receiving a monthly payment from the Social Security Administration for each of the minor children, appellant was ordered to make a minimal child support payment of $85.00 per month. No requests for modification or further orders regarding child support were made for approximately ten years.
On or about June 1, 1997, the parties' eldest child became emancipated. Neither party timely reported this fact to the child support enforcement agency. However, in December of 1998, appellant sought a reduction in child support and reimbursement for an alleged overpayment in child support made during the period of time from 1988 through 1998. Appellant complained that appellee had been given periodic increases in the social security benefits she received on behalf of the minor children during the ten years in question but, he did not receive a corresponding reduction in child support.
A hearing was held before the court magistrate on January 21, 1999. Both parties were present, along with their respective counsel. During the hearing, the magistrate specifically found that there was no legal basis to allow appellant to recalculate support retroactively beyond the emancipation of the parties' eldest child on June 1, 1997. Calculating payments received by appellee from June 1, 1997, the parties then agreed that appellee would repay appellant the sum of $1,615.00. (Tr. 8, 11-12).
It was further determined that in consideration of the payments which appellee continued to receive from the Social Security Administration on behalf of the remaining minor child, appellant would no longer be required to make any child support payments to such child. At the conclusion of the hearing, counsel for both parties waived the filing of objections to the magistrate's findings and recommendation. (Tr. 20).
The magistrate issued findings and a recommendation on January 22, 1999. No objections were filed by either party. Therefore, on February 10, 1999, the trial court filed its journal entry, approving and adopting the magistrate's findings and recommendation as its order in the within case. This appeal followed.
 Appellant sets forth two assignments of error on appeal. Appellant's first and second assignments of error have a common basis in law and fact, will therefore be discussed together and allege respectively as follows:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY LIMITING THE REFUND OF OVERPAYMENTS TO THE TIME FRAME AFTER EMANCIPATION AND NOT INCLUDING PRIOR OVERPAYMENTS.
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY PLACING A HIGHER PAYMENT BURDEN ON PLAINTIFF FOR UNCOVERED MEDICAL BILLS AND DID NOT TAKE INTO ACCOUNT THE EXCESSIVE AMOUNT OF SOCIAL SECURITY BENEFITS AND OTHER INCOME RECEIVED BY DEFENDANT."
Appellant states the trial court properly found that he overpaid his child support obligation in light of the payments appellee received from the Social Security Administration on behalf of the parties' children. However, appellant contends that the overpayment calculation should have been based upon the exact number of months such overpayments occurred. Appellant maintains that according to his calculations, he overpaid child support to appellee every month for approximately ten years. As such, appellant concludes that the trial court abused its discretion in limiting his overpayment refund to just nineteen months.
Appellant acknowledges that as a result of the fact appellee was receiving in excess of the monthly child support obligation from the Social Security Administration, the trial court ordered that he would no longer be required to pay any child support for the remaining minor child. However, appellant takes issue with the trial court's order concerning his percentage responsibility to pay for any uncovered or unpaid medical expenses for the minor child. It is appellant's contention that because appellee was receiving so much money per month from the Social Security Administration for the minor child, he should not have to be responsible for any portion of the child's medical expenses.
This court need not consider appellant's assignments of error on appeal as he failed to object to the magistrate's findings and recommendation. A party may file written objections to a magistrate's decision within fourteen (14) days of the filing of such decision. Civ.R. 53(E)(3)(a). Objections must be specific and stated with particularity. Civ.R. 53(E)(3)(b). Furthermore, "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Civ.R. 53(E)(3)(b); Group One Realty, Inc. v. Dixie International Co.
(1998), 125 Ohio App.3d 767, 768-769. "The rule reinforces the finality of trial court proceedings by providing that failure to object constitutes a waiver on appeal of a matter which could have been raised by objection." Civ.R. 53(E)(3)(b), commentary.
In the case at bar, the record clearly reflects that appellant failed to file any objections to the magistrate's findings and recommendation. Instead, appellant allowed the trial court to adopt the magistrate's recommendation as its order, then filed the within appeal. In accordance with the mandates of Civ.R. 53, appellant is prohibited from raising any alleged error on appeal which relates to the magistrate's findings and recommendation issued on January 22, 1999, and the trial court's journal entry adopting said findings and recommendation filed February 10, 1999. Appellant waived any such alleged error in failing to timely file objections to the magistrate's findings and recommendation.
Appellant's first and second assignments of error are found to be without merit.
The judgment of the trial court is affirmed.
 _____________________ COX, P.J.
Vukovich, J., concurs, Waite, J., concurs.