This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-appellant, Joseph Zdrilich (hereinafter "Zdrilich") appeals the trial court's judgment entry in favor of Plaintiff-appellee Patsy Buccino (hereinafter "Buccino"). Although other issues were raised by Zdrilich, the only issue properly before us is whether a party may raise on appeal alleged error arising out of a magistrate's decision, where objections were not filed with the trial court, nor was it asserted that the trial court erred by adopting the magistrate's decision because it contained an error of law or other defect on its face, alternatives required by Civ.R. 53. For the following reasons we affirm the decision of the trial court.
On April 4, 1993 Buccino contracted with Zdrilich and David Fodor (hereinafter "Fodor") to purchase an unplatted parcel. Although Zdrilich did not appear as a record owner, he claimed he owned a two-thirds interest in the property and Fodor owned a one-third interest. Zdrilich promised to deliver the deed to Buccino after the property was platted and developed. The contract contained a boilerplate provision which allowed the parties to specify the time within which Zdrilich was required to perform, but none was specified. Buccino issued a check to Zdrilich in the amount of $10,000.00 as a down payment.
As of 1995 development had not commenced on the property. The parties engaged in several conversations concerning the status of the property and, in early 1997, Buccino demanded a refund of the down payment. Zdrilich refused. On May 23, 1997 Zdrilich recorded the plat and soon thereafter sold it to a third party. Buccino filed a complaint against Zdrilich and Fodor seeking recovery of the down payment but settled with Fodor. The case was tried to the magistrate who found for Buccino against Zdrilich. Neither party filed written objections, and finding no error on the face of the decision, the trial court adopted the magistrate's decision and entered judgment in favor of Buccino.
Zdrilich appeals from the trial court's judgment in favor of Buccino, asserting the trial court erred by: 1) finding the time of performance of the contract was unreasonable and delay was sufficient grounds for rescission; 2) rescinding the contract when no grounds for rescission existed; 3) reforming the clear and unambiguous language of the contract, and; 4) finding unreasonable delay in the performance of the contract. We affirm the trial court's judgment because Zdrilich did not properly preserve these errors for our review, as he failed to object to the magistrate's decision.
Although the parties have thoroughly briefed the issues raised in the foregoing assignments of error, this court will not and shall not consider Zdrilich's assignments of error on appeal as he failed to preserve the errors for appellate review by objecting to the magistrate's decision. Civ.R. 53(E)(3)(a) (b) provides a party may file written objections within fourteen days of the filing of such decision, which must be specific and stated with particularity. Significantly, "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Civ.R. 53(E)(3)(b); Group OneRealty, Inc. v. Dixie International Co. (1998), 125 Ohio App.3d 767,768-769. "The rule reinforces the finality of trial court proceedings by providing that failure to object constitutes a waiver on appeal of a matter which could have been raised by objection." Civ.R. 53(E)(3)(b), commentary.
The record clearly reflects Zdrilich failed to file any objections to the magistrate's decision. Instead, Zdrilich allowed the trial court to adopt the magistrate's decision, then filed the instant appeal. In accordance with the mandates of Civ.R. 53, Zdrilich is prohibited from raising any alleged error on appeal which relates to the magistrate's decision and the trial court's journal entry adopting said decision. He waived any alleged error by failing to timely file objections to the magistrate's decision.
Furthermore, Zdrilich is not assigning error to the trial court's adoption of the magistrate's decision because it contained an error of law or other defect on its face as contemplated and constrained by Civ.R. 53(E)(4)(a). Had he done so, it would be appropriate for us to address the merits of his assignments of error, as we did in Seo v.Austintown Twp. (1998), 131 Ohio App. 521 . In that case, the appellant's second attempt for appellate review was an appeal of the trial court's order adopting the magistrate's decision, which survived a motion to dismiss the appeal because he complied with Civ.R. 53(E)(4)(a). The assignments of error in Seo focused on the trial court's failure to correct a clear error of law contained on the face of the magistrate's decision, namely revoking a license for a violation of a crime that does not exist.
Here, Zdrilich is challenging factual findings and legal analysis made by the magistrate in reaching his decision. The only proper procedural vehicle available to Zdrilich to raise this type of error is to file objections with the trial court as provided in Civ.R. 53(E)(3). He has bypassed a level of the review process governing magistrate's decisions by assigning error in this court which should have been first considered by the trial court.
This is further born out by the manner in which Zdrilich has couched his assignments of error. All four challenge either factual findings or the magistrate's analysis and application of the law to those findings. Zdrilich does not argue the magistrate's decision contains a misstatement of Ohio law the trial court overlooked. This does not rise to the level of error contemplated by Civ.R. 53(E)(4)(a).
Because Zdrilich did not preserve the errors for review by filing objections as required by Civ.R. 53(E)(3)(b), they are waived. Because Zdrilich has framed none of his assignments of error as a failure of the trial court to correct a defect on the face of the magistrate's decision, Zdrilich cannot avail himself of the narrow provisions of Civ.R. 53(E)(4)(a), which would permit us to review his appeal on the merits. To do otherwise would put us in the position of issuing an impermissible advisory opinion, Bionci v. Boardman Local Schools (June 18, 2001), Mahoning App. No. 00CA6, 00CA83, unreported, citing N. Cantonv. Hutchinson (1996), 75 Ohio St.3d 112.
For the preceding reasons, we find Zdrilich failed to preserve his assignments of error for appellate review. Accordingly, the decision of the trial court is affirmed.
Donofrio, J. Concurs.
Christley, J. Concurs.