This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-plaintiff, Permanent General Assurance Company ("Permanent General"), has appealed a judgment of the Summit County Court of Common Pleas that declared an exclusion in Permanent General's insurance policy to be unenforceable. This Court affirms.
 I.
On July 14, 1997, Donta Mundy ("Mundy") caused an automobile accident while driving a vehicle owned by Novella and Jackie Robinson (collectively referred to as the "Robinsons"). As a result of the collision, John Weems and Huldah McCraney suffered bodily injury, and their car sustained property damage. Their vehicle was insured under a policy issued by State Farm Mutual Automobile Insurance Company ("State Farm").
Mundy was fifteen years old at the time of the accident and was not legally licensed to drive in Ohio, but he was driving the Robinsons' car with their permission. The Robinsons' car was insured under a policy issued by Permanent General.
State Farm filed suit on behalf of its insureds, seeking to recover monies paid for personal injuries and property damage. Permanent General was named as a third party defendant. Permanent General filed a declaratory judgment action seeking a declaration that it had no duty to defend or indemnify either the Robinsons, its named insureds, or Mundy, the permitted driver. Permanent General asserted that because the language in its policy specifically excluded coverage for persons not legally licensed to operate a motor vehicle in Ohio[1], it was not obligated to defend or indemnify Mundy or the Robinsons. State Farm argued that the provision is unenforceable because it is violative of R.C. 4509.51, and that because the statute requires automobile insurance policies to provide coverage for permissive drivers, Mundy is an insured under Permanent General's policy.
The magistrate determined that R.C. 4509.51 does not apply to an unlicensed minor, even if the unlicensed minor was a permissive driver. Accordingly, the magistrate found that Permanent General's unlicensed driver exclusion precluded coverage for Mundy. Arguing that the mandatory provisions of R.C. 4509.51 do apply to unlicensed minors, State Farm filed objections to the magistrate's decision. To reach a contrary conclusion, State Farm contended, is against the public policy behind the statute — to protect the public. Permanent General urged the trial court to adopt the magistrate's decision, asserting that the policy is not contrary to public policy. Permanent General maintained that to hold otherwise would, in effect, require insurance companies to be responsible for all intentional or negligent acts caused by anyone operating any vehicle.
The trial court found that R.C. 4509.51 "extends liability coverage to all permissive users and [that the statute] does not limit coverage to permissive licensed drivers[.]" The lower court further determined that because the statue extends coverage to all permissive drivers, Permanent General's exclusion is an invalid limitation on the "state's interest in protecting the public."
The trial court concluded that: "The protection of the public from uncompensated, uninsured negligent drivers — with or without valid licenses — is the purpose of the statute and its interpretation and enforcement shall be in accord with that intent. * * * [T]he exclusion of coverage for an unlicensed driver, operating with permission, is in violation of the requirements of [R.C.] 4509.51(B) and is therefore unenforceable as a matter of law."
Permanent General has timely appealed, and has assigned one error for our review.
 II. ASSIGNMENT OF ERROR The Trial Court erred in determining that the exclusion contained in Appellant's policy, which precludes coverage for unlicensed drivers, is against public policy and [R.C.] 4509.51.
Permanent General's solitary contention on appeal is that R.C. 4509.51 only applies to policies that have been "certified," and because the policy at issue was never "certified" as proof of responsibility, R.C. 4509.51 does not apply and cannot be used to invalidate Permanent General's exclusion. In support, Permanent General cites Moyer v. Aron (1964), 175 Ohio St. 490, 492, wherein the Ohio Supreme Court held that "[a]n insurance policy * * * can be modified to make it comply with the Financial Responsibility Act only where the policy has been `certified' as proof of future financial responsibility."
A review of the record reveals that Permanent General never raised the issue of certification in the trial court. Rather, Permanent General maintained that since it is a crime to drive without a license, coverage should not extend to the criminal act of a permissive unlicensed driver. Civ.R. 53(E)(3)(b) requires objections to "be specific and state with particularity the grounds of objection." By failing to make an objection specific to the issue of certification, Permanent General has waived its right to assert this error on appeal. See Carrino v. Gibson (June 21, 2000), Medina App. No. 2981-M, unreported, citing Group OneRealty, Inc. v. Dixie Internatl. Co. (1998), 125 Ohio App.3d 767,768-769; Civ.R. 53(E)(3)(b). See, also, NAI/Jim Cummins RealEstate, Inc. v. Short (Jan. 10, 2001), Summit App. No. 19924, unreported (holding that appellant was precluded from raising an issue of contract interpretation for the first time on appeal);Schoepf v. Schoepf (Apr. 11, 2001), Lorain App. No. 00CA007645, unreported (refusing to address an error which had been assigned and briefed, but which had not been raised in the trial court).
 III.
The sole assignment of error is overruled. The judgment of the court of common pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 _______________________ DONNA J. CARR
WHITMORE, J. CONCURS
[1] The policy provision states that Permanent General does "not provide liability coverage for bodily injury or property damage * * * [c]aused by your covered auto if driven by a person not legally licensed to operate a motor vehicle in your state."