OPINION
Appellant, Glen Phelps, appeals an entry from the Painesville Municipal Court granting judgment in favor of appellee, Kenneth J. Cahill.
On November 8, 1999, appellee brought suit against appellant alleging that appellant owed him $9,565.13, for legal services rendered. On February 11, 2000, appellant filed an answer. On June, 15, 2000, appellant filed an amended answer and counterclaim against appellee for negligent representation. A hearing was held on October 25, 2000, before a magistrate. In a decision dated October 27, 2000, the magistrate found in favor of appellee and denied appellant's counterclaim. However, the bill was reduced from $9,565.13 to $2,395, due to irregularities found in the billing statement. On that same date, the trial court adopted the magistrate's decision. Appellant did not file objections to the magistrate's decision. Appellant timely filed the instant appeal and now asserts the following as error:
 "[1.] [The] trial court erred in awarding damages in the amount of $2,395.00 for the reason the damages are not supported by the evidence and the testimony of [appellee] is against the manifest weight of the evidence.
 "[2.] The trial court erred in overruling [appellant's] counterclaim for negligence based on the lack of expert testimony."
 Preliminarily, we note that appellant failed to file objections to the magistrate's decision. Civ.R. 53(E)(3)(b) provides, in relevant part:
 "*** A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."[1]
Furthermore, pursuant to Civ.R. 53(E)(4)(a):
 "*** The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision."
 In State ex rel. Booher v. Honda of Am. Mfg., Inc. (2000), 88 Ohio St.3d 52, 53-54, the Supreme Court of Ohio held that, pursuant to Civ.R. 53(E)(3)(b), a party is barred from raising any error on appeal connected with the trial court's adoption of a magistrate's finding of fact or conclusion of law unless that party timely objected to the finding or conclusion as required under the rule. Our court has also held that "`[i]t is well-settled law in Ohio that if a party fails to object to a conclusion of law or finding of fact issued by a magistrate, the party is precluded from then raising the issue for the first time on appeal.'" Thomas v. Thomas (Apr. 20, 2001), Trumbull App. 2000-T-0099, unreported, 2001 WL 409533, at 5. See, also, Aurora v. Sea Lakes, Inc. (1995), 105 Ohio App.3d 60, 66; Caskey v. Lordstown Dev. Corp. (July 14, 2000), Trumbull App. No. 99-T-0034, unreported, 2000 WL 973356, at 3.
However, Civ.R. 53(E)(4)(a) permits a trial court to adopt a magistrate's decision where no objections are filed unless there is "*** an error of law or other defect on the face of the magistrate's decision[,]" in which the court is not obligated to adopt that decision.Thomas, supra, unreported, at 5; Caskey, supra, unreported, at 3. Thus, prior to adopting a magistrate's decision, a trial court should conduct a cursory examination and review of the decision for any obvious errors.Group One Realty, Inc. v. Dixie Internatl. Co. (1998), 125 Ohio App.3d 767;Waddle v. Waddle (Mar. 30, 2001), Ashtabula App. No. 2000-A-0016, unreported, 2001 WL 314659, at 2.
Here, although the trial court adopted the magistrate's decision the same day it was filed, appellant had fourteen days to file objections, which would have suspended the entry of the trial court until it ruled on the objections. See Huffman v. Huffman (July 13, 2001), Trumbull App. No. 2000-T-0095, unreported, 2001 WL 799882, at 1. Appellant failed to file any objections. Consequently, pursuant to the Supreme Court's ruling in Booher, appellant's failure to object to the magistrate's decision is alone dispositive of the arguments in her assignments of error.
Nevertheless, pursuant to Civ.R. 53(E)(4)(a), the trial court was obligated to conduct a sufficient review of the magistrate's decision prior to adopting it. Thomas, supra, unreported, at 6. Upon a review of the record before us, we conclude that the trial court did not abuse its discretion in adopting the magistrate's decision, as there are no apparent errors on the face of the decision.
For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Painesville Municipal Court is affirmed.
PRESIDING JUDGE DONALD R. FORD, NADER, J., GRENDELL, J., concur.
[1] The staff notes of Civ.R. 53 provide that "[d]ivision (E)(3)(b) *** reinforces the finality of the trial court proceedings by providing that failure to object constitutes a waiver on appeal of a matter which could have been raised by objection."