OPINION
This is an accelerated calendar appeal submitted on the record and the briefs of the parties. Thomas Sicuro, attorney at law ("appellant"), appeals the February 20, 2001 judgment entry by the Portage County Municipal Court, Ravenna Division, adopting the magistrate's decision. The magistrate rendered judgment for the City of Ravenna Police Department ("appellee") as to appellant's unpaid parking tickets. For the following reasons, we affirm the decision of the lower court.
On September 15, 2000, appellee filed a small claims complaint against appellant for unpaid parking tickets in the amount of two hundred dollars ($200), plus penalty and interest. Appellant then filed an answer on September 26, 2000, denying the allegations.
Thereafter, for purposes of a hearing, the parties filed an agreed stipulation of facts. The parties agreed that from August 26, 1999 through February 22, 2000, appellant received a total of eight (8) parking tickets. Appellant acknowledged that he was liable for three of the tickets. The contested tickets alleged that appellant's vehicle remained parked in the central business district in excess of the authorized two-hour period. Ordinance 452.18 of the Ravenna parking code provided that no person shall park a vehicle in the central business district longer than two hours, unless otherwise posted. Also, Ordinance 452.19 provided that any vehicle moved a distance of less that one block during a limited parking period shall be deemed to have remained stationary.
The parties also stipulated to the procedure that was used in issuing a parking ticket when a vehicle was parked in excess of the authorized two-hour period. An officer would mark the location of a vehicle that was parked in a designated two-hour parking block by entering the information of the vehicle into the computer. When checking the same designated two-hour parking block after a lapse of two hours, the officer would then re-enter the information of a vehicle that was parked in that same block. The computer would inform the officer whether or not a vehicle was parked in that spot or was parked within one block two hours earlier. The parties further stipulated that an officer had no knowledge of whether or not a vehicle had been moved during that time period or whether or not the vehicle was parked in a different location more than one block away during that time period.
On November 30, 2000, a hearing was held before the magistrate. Shortly thereafter, appellant filed written arguments. Appellant argued that the system used in determining whether or not a violation of the parking code had occurred was unreliable. Appellant contended that there was no way of determining whether or not a vehicle left the parking spot for a period of time and returned to the same general area. Appellant asserted that the Ravenna parking code was a quasi-criminal statute. As to Ordinance 452.19, appellant averred that it was not applicable to a valid moving of a vehicle for any reason other than to avoid citation.
On February 16, 2001, the magistrate recommended judgment for appellee in the amount of two hundred dollars ($200), plus interest and costs. The magistrate stated that, although he agreed with appellant that the parking code was quasi-criminal in nature, the fines were collected through a civil action. The magistrate indicated that the burden of proof was a preponderance of the evidence. The magistrate found, by a preponderance of the evidence, that appellant violated the Ravenna ordinance, regarding parking in a two hour designated area.
On June 26, 2001, the trial court filed a judgment entry, adopting the magistrate's decision. The trial court noted that no objections were filed. The trial court stated that there was no error of law or defect on the face of the magistrate's decision and that the magistrate's decision contained sufficient findings and conclusions, allowing an independent analysis of the issues and application of the appropriate law. The trial court awarded judgment in favor of appellee in the amount of two hundred dollars ($200) plus interest and costs.[1]
Appellant asserts two assignments of error, which contain overlapping arguments. Appellant's assignments of error contend that appellee failed to prove beyond a reasonable doubt that a violation of its parking ordinance had been committed. Appellant claims the method used by appellee does not permit appellee to determine, beyond a reasonable doubt, whether or not a vehicle is continuously parked in the same parking spot for more than two hours. Appellant argues that the system that appellee uses only determines that a vehicle has been in a one-block area at one time and in the same area two hours later. Appellant avers that appellee cannot prove that a vehicle was parked in the same parking location in excess of two hours. Appellant states that when he parks his vehicle, he leaves within the authorized two hour period; however, he later returns and parks again in the same general area.
Initially, we must point out that appellant did not file objections to the magistrate's findings and conclusions. The trial court adopted the magistrate's decision on June 26, 2001. Civ.R. 53(E)(3) provides, in relevant part:
 "(b) * * * A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
Pursuant to Civ.R. 53(E)(3)(b), a party is barred from raising any error on appeal, pertaining to a trial court's adoption of any finding of fact or conclusion of law by a magistrate, unless that party timely objected to that finding or conclusion. Booher v. Honda of Am. Mfg.,Inc. (2000), 88 Ohio St.3d 52, 53-54. This court has held that "[i]t is well-settled law in Ohio that if a party fails to object to a conclusion of law or finding of fact issued by a magistrate, the party is precluded from then raising the issue for the first time on appeal." Thomas v.Thomas (Apr. 20, 2001), Trumbull App. No. 2000-T-0099, unreported, 2001 Ohio App. LEXIS 1843, at 15, quoting In re Stevens (Nov. 17, 2000), Trumbull App. No. 99-T-0066, unreported, 2000 Ohio App. LEXIS 5374, at 5; see, also, Cahill v. Phelps (Dec. 7, 2001), Lake App. No. 2000-L-201, unreported, 2001 Ohio App. LEXIS 5447; Caskey v. Lordstown Dev. Corp.,
(July 14, 2000), Trumbull App. No. 99-T-0034, unreported, 2000 Ohio App. LEXIS 3203.
Additionally, as a precautionary measure, Civ.R. 53(E)(4) provides, in part:
 "(a) * * * The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision."
Civ.R. 53(E)(4)(a) permits a trial court to adopt the magistrate's decision where no objections are filed unless the trial court determines that there is "an error of law or other defect on the face of the magistrate's decision" in which case the trial court is not obligated to adopt the decision. Cahill, supra, Lake App. No. 2000-L-201, unreported, 2001 Ohio App. LEXIS 5447, at 4; Caskey, supra, Trumbull App. No. 99-T-0034, unreported. Thus, prior to adopting a magistrate's decision, a trial court may conduct a cursory examination of the magistrate's decision for any obvious errors. Thomas, supra, Trumbull App. No. 2000-T-0099, unreported, 2001 Ohio App. LEXIS 1843, at 17, citing GroupOne Realty, Inc. v. Dixie Internatl. Co. (1998), 125 Ohio App.3d 767;Cahill, supra, at 4.
In the case before us, appellant did not file objections to the magistrate's decision. Pursuant to the Supreme Court of Ohio's ruling inBooher, supra, we are precluded from reaching the merits of appellant's assignments of error. Appellant's failure to object to the magistrate's decision is alone dispositive of the arguments raised in his assignments of error.
Further, pursuant to Civ.R. 53(E)(4)(a), the trial court was obligated to conduct a sufficient review of the magistrate's decision prior to adopting it. Upon review of the record before us, the trial court did not abuse its discretion in adopting the magistrate's decision, as there are no apparent errors on the face of the magistrate's decision. The judgment entry demonstrates that Civ.R. 53(E)(4)(a) was satisfied prior to the trial court's adoption of the magistrate's decision. Specifically, the judgment entry states:
 "* * * the Court determines that there is no error of law or defect on the face of said decision. The Court further finds that the `Magistrate's decision' contains sufficient findings and conclusions to allow the Court to make its independent analysis of the issues and to apply the appropriate rules of law in making its final decision and judgment entry in this matter."
As an aside, we feel compelled to make the following observation. On April 26, 2001, a "statement of facts" was filed in lieu of a transcript of the hearing that was held before the magistrate. Appellant and appellee signed this "statement of facts." However, the document does not meet the requirements set out in App.R. 9(C) or (D). App.R. 9(C) and (D) require submission and approval of the "statement of facts" by the trial court. There is no indication that it was forwarded to the trial court or that the trial court approved its contents. Consequently, this court could not consider the document part of the appellate record, and it would be stricken. See State v. Velenski (June 2, 1995), Trumbull App. No. 94-T-5123, unreported, 1995 WL 407163, at 1; Heisler v. Heisler (May 25, 1990), Portage App. No. 89-P-2087, unreported, 1990 Ohio App. LEXIS 2033, at 5. Without a transcript or proper statement of the proceeding below, appellant cannot demonstrate the asserted error. This court will have to presume the regularity and validity of the lower court proceeding. See Hartt v. Munobe (1993), 67 Ohio St.3d 3, 7; Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
For the foregoing reasons, appellant's two assignment of error are overruled. The judgment of the Portage County Municipal Court, Ravenna Division, is hereby affirmed.
O'NEILL, P.J., FORD, J., concur.
[1] As an aside, previously, on February 20, 2001, the trial court filed a judgment entry, adopting the magistrate's findings and recommendations. Appellant filed a notice of appeal on March, 19, 2001. On June 11, 2001, this court sua sponte remanded appellant's appeal so that the trial court could issue a judgment entry that met the requirements of a final appealable order. Consequently, the trial court filed its June 26, 2001 judgment entry, satisfying the necessary requirements. We then filed a judgment entry on July 11, 2001, stating that we would consider appellant's appeal premature, pursuant to App.R. 4(C). As of June 26, 2001, appellant's appeal proceeded as a normal appeal.