[Cite as *Hashime-Bazlamit v. Bazlamit*, 2009-Ohio-4445.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

SAMAR AL HASHIME-BAZLAMIT,

    PLAINTIFF-APPELLANT,                 CASE NO. 6-09-01

    v.

SUBHI BAZLAMIT,                       **O P I N I O N**

    DEFENDANT-APPELLEE.

Appeal from Hardin County Common Pleas Court
Domestic Relations Division
Trial Court No. 20083008 DRE

**Judgment Affirmed**

**Date of Decision:   August 31, 2009**

APPEARANCES:

    *Jennifer S. Easterday*  for Appellant

    *C. Bradford Kelley* for Appellee

**PRESTON, P.J.**

{¶1} Appellant-plaintiff, Samar Al Hashime-Bazlamit (hereinafter "appellant") appeals the judgment of the Hardin County Court of Common Pleas affirming the magistrate's decision to dismiss appellant's amended complaint for divorce against appellee-defendant, Subhi Bazlamit (hereinafter "appellee"). For the reasons that follow, we affirm.

{¶2} Appellant and appellee were married on November 27, 1993, in Amman, Jordan. At the time of the marriage, appellee was a legal resident of the United States, and subsequent to the marriage, the parties moved to the United States and appellant became an American citizen sometime in 2000. The parties lived in Ohio for most of the duration of the marriage, and in addition, while the couple lived in Lima, Ohio, two children were born of the marriage, Mohammed (d.o.b. 6/6/95), and Sarah (d.o.b. 9/18/03).

{¶3} In May 2007, the appellant and her two children traveled to Amman, Jordan to visit family. On or about June 17, 2007, appellee traveled to Amman, Jordan and filed for divorce. On or about June 24, 2007, appellant was issued a document of revocable divorce by proxy by the Supreme Judge Department, Sharia Court of Mid Amman. According to the terms of the divorce and under the laws of Jordan, the divorce was revocable for a period of 30 days and a three month waiting period was imposed before the divorce became final. In addition to

filing for divorce, appellee put a hold on the passports of their minor children, which prohibited them from returning to the United States.

{¶4} On January 17, 2008, appellant filed a complaint to establish custody and divide marital assets in the Hardin County Court of Common Pleas, Domestic Relations Division. On February 6, 2008, appellant filed an amended complaint for divorce with children. A jurisdictional hearing was held on October 20, 2008, and both parties submitted motions before the court. On December 1, 2008, the magistrate filed a decision dismissing the appellant's amended complaint for divorce. On December 16, 2008, the trial court adopted the magistrate's decision and dismissed the case with prejudice.

{¶5} Appellant now appeals and raises three assignments of error.

**ASSIGNMENT OF ERROR NO. I**

**UNDER THE PRINCIPLES OF "COMITY" OHIO COURTS ARE NOT OBLIGATED TO RECOGNIZE THE JORDANIAN DIVORCE DECREE.**

**ASSIGNMENT OF ERROR NO. II**

**THE LOWER COURT HAD JURISDICTION OVER THIS MATTER, AS THE APPELLANT FULFILLED THE REQUIREMENTS ESTABLISHED IN R.C. 3105.03 AND R.C. 3105.01(I).**

**ASSIGNMENT OF ERROR NO. III**

**EVEN IF THIS COURT FINDS THAT JORDAN HAD JURISDICTION OVER THE STATUS OF THE MARRIAGE AND VALIDATES THE JORDANIAN DIVORCE DECREE,**

Case No. 6-09-01

**THIS COURT HAS JURISDICTION OVER ANY ISSUES ATTENDANT TO THE MARRIAGE.**

{¶6} Before considering appellant's assignments of error, we must first address appellant's failure to file a timely objection to the magistrate's decision pursuant to Civ.R. 53. Civ.R. 53(D)(3)(b)(iv) provides that if a party failed to file a timely objection to the magistrate's decision, "a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion."

{¶7} Here, a jurisdictional hearing was held on October 20, 2008, before the magistrate. Subsequently, both parties submitted briefs and documents before the court in support of their respective positions on whether the court had jurisdiction. (Doc. Nos. 26-28). On December 1, 2008, the magistrate issued its decision and found that the Jordan divorce decree was valid and entitled to recognition as it related to the divorce of the parties. (Dec. 1, 2008 Mag. Dec., Doc. No. 29). In addition, the magistrate found that the attendant issues, such as custody, child support, visitation, alimony, and dowry, had been resolved by the Jordan divorce proceedings, and as such, there were no other issues over which the court would have jurisdiction to decide. (Id.). Thus, the magistrate recommended that appellant's amended complaint for divorce be dismissed, and at the end of its decision, stated the following:

> **OBJECTIONS TO THIS DECISION SHALL BE FILED WITH THE COURT, IN WRITING, WITHIN 14 DAYS OF THE**

4

**DATE OF THE FILE-STAMPED DATE OF THIS DECISION PURSUANT TO OHIO CIVIL RULE 53.**
**A PARTY SHALL NOT ASSIGN AS ERROR ON APPEAL THE COURT'S ADOPTION OF ANY FACTUAL FINDING OR LEGAL CONCLUSION OF LAW UNDER OHIO CIVIL RULE 53(D)(a)(ii), UNLESS THE PARTY TIMELY AND SPECIFICALLY OBJECTS TO THAT FACTUAL FINDING OR LEGAL CONCLUSION AS REQUIRED BY OHIO CIVIL RULE 53(D)(3)(b).**

(Id.). On December 16, 2008, the trial court issued its judgment entry noting initially that neither party had filed objections to the magistrate's decision pursuant to Civ.R. 53. (Dec. 16, 2008 JE, Doc. No. 30). Therefore, after an independent review of the evidence of the record, the trial court found no apparent error of law or defect, and ultimately adopted and approved the magistrate's decision to dismiss appellant's amended complaint for divorce. (Id.).

{¶8} As previously stated, under Civ.R. 53(D)(3)(b)(iv), "a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

{¶9} It is clear from the rules and from prior case law that, in a divorce proceeding, if a party fails to object to a conclusion of law or finding of fact issued by a magistrate, the party is precluded from then raising the issues for the first time on appeal. Civ.R. 53; *Heath v. Heath* (Feb. 29, 2000), 3d Dist. No. 14-99-44,

5

at *1. See, also, *Foust v. Foust* (Nov. 14, 2000), 3d Dist. No. 1-2000-28, at *2; *Waltimire v. Waltimire* (1989), 55 Ohio App.3d 275, 564 N.E.2d 119; *Harbeiter v. Harbeitner* (1994), 94 Ohio App.3d 485, 641 N.E.2d 206; *Wirt v. Wirt* (Apr. 10, 1996), 9th Dist. No. 95CA0041; *Walston v. Walston* (Sept. 29, 1995), 6th Dist. No. WD-94-057; *Welch v. Welch* (Sept. 19, 1995), 5th Dist. No. 94 CA 50; *Conroy v. Conroy* (Apr. 12, 1993), 10th Dist. No. 93AP-27. Thus, a party waives the right to challenge the finding or conclusion on appeal if they fail to object to the magistrate's decision.

{¶10} Here, it is clear that appellant failed to object to any of the conclusions of law or findings of fact indicated in the magistrate's decision. Therefore, appellant is otherwise foreclosed from assigning as error those issues she failed to raise with the trial court.

{¶11} Appellant's assignments of error are, therefore, overruled.

{¶12} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and SHAW, J.J., concur.**

**/jlr**