[Cite as *Porter v. Porter*, 2023-Ohio-403.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
LOGAN COUNTY

TERRY L. PORTER,

    PLAINTIFF-APPELLANT,

CASE NO. 8-22-25

v.

DEBRA S. PORTER,

O P I N I O N

    DEFENDANT-APPELLEE.

Appeal from Logan County Common Pleas Court
Family Court Division
Trial Court No. DR19-10-0165

Judgment Affirmed in Part, Reversed in Part, Cause Remanded.

Date of Decision:  February 13, 2023

APPEARANCES:

    *Terry L. Porter,* Appellant

**WILLAMOWSKI, J.**

{¶1} Plaintiff-appellant Terry L. Porter ("Terry") brings this appeal from the judgment of the Common Pleas Court of Logan County, Family Court Division, granting his divorce and dividing the assets and liabilities between Terry and defendant-appellee Debra S. Porter ("Debra"). On appeal, Terry claims that the trial court erred in its division of property and assignment of debt. For the reasons set forth below, the judgment is affirmed in part and reversed in part.

{¶2} Terry and Debra were married on December 21, 2015. Doc. 1. On October 31, 2019, Terry filed a complaint for divorce alleging that the parties have lived separate and apart without cohabitation in excess of one year. Doc. 1. Debra filed her answer and a counterclaim for divorce on December 4, 2019. Doc. 11. In her answer Debra admitted to all of the allegations in Terry's complaint and listed additional grounds in her counterclaim. Doc. 11.

{¶3} A hearing on the complaint was held before a magistrate on February 8 and March 5, 2021. Doc. 49. On August 2, 2021, the magistrate issued her decision. Doc. 49. The magistrate found that the marriage terminated on May 11, 2019, and granted a divorce on the grounds of incompatibility. Doc. 49. The magistrate found that Terry had purchased the home in 1994 and that the current appraisal from the county auditor listed the value at $72,810. Doc. 49. The home had a mortgage in the amount of $44,489.42 for a net equity of $28, 320.58. Doc. 49. When dividing the equity in the home, the magistrate awarded one-half of the total equity to Debra

despite the fact that Terry had owned the home prior to the marriage. Doc. 49. Terry testified that he owned 37 firearms, three of which were bought during the marriage for a total value of $1,179. Doc. 49. The remainder were inherited or bought either prior to the marriage ($8,187) or after the parties separated ($1,229). Doc. 49. When dividing the property, the magistrate included all of the value of the firearms for a total of $10,595. Doc. 49. The magistrate also determined that Terry had allowed the health insurance for Debra to lapse prior to filing his complaint for divorce in violation of R.C. 3105.71. Doc. 49 at 13. As a result, the trial court ordered Terry to pay one-half of Debra's medical bills after May 11, 2019. Doc. 49. Finally, the magistrate ordered Terry to pay $1,619.36 in Debra's attorney fees for discovery delays. Doc. 49.

{¶4} Terry objected to the decision of the magistrate on December 20, 2021. Doc. 64. Terry claimed that the magistrate erred in determining the marital value of the real estate and the guns. Doc. 64. Terry also claimed that the magistrate erred by finding him liable for attorney fees related to discovery. Doc. 64. Terry, however, did not object to the portion of the magistrate's decision requiring him to reimburse Debra for one-half of the medical bills incurred and paid by Debra after she was removed from his insurance. Debra filed a response to the objections on January 12, 2022. Doc, 69. On May 12, 2022, the trial court entered judgment overruling the objections. Doc. 71. The trial court adopted the findings of the

magistrate and granted the divorce. Doc. 71. Terry appeals from this judgment and raises the following assignments of error.

### First Assignment of Error

**The court has ordered division of the equity in said residence as proposed in defendants proposed balance sheet. It is being divided as marital property and has been divided 50% of $28,320.58 to Plaintiff and 50% to Defendant.**

### Second Assignment of Error

**The judge finds that Defendant's insurance coverage through Plaintiff's employer was cancelled by Plaintiff without Defendant's knowledge and that Plaintiff is SOLELY RESPONSIBLE for the MEDICAL BILL(S) accrued by Defendant and through to the last day before Defendant's surgery. The bills are to be paid on a 50-50 basis. Plaintiff SHALL REIMBURSE Defendant for his 50% portion upon proper presentation that said bill has been paid by the Defendant.**

### Third Assignment of Error

**In reference to the (37) firearms. [sic] They are listed on the Porter Balance Sheet as marital property. They are valued at $10,595.00. They are being divided 50% to Plaintiff and 50% to Defendant.**

{¶5} This Court notes that Debra has failed to file a brief in this matter. "If an appellee fails to file the appellee's brief within the time provided by this rule, * * * the appellee will not be heard at oral argument except by permission of the court upon a showing of good cause submitted in writing prior to argument; and in determining the appeal, the court may accept the appellant's statement of the facts

and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C).

{¶6} In his second assignment of error, Terry argues that the trial court erred by ordering him to pay half of Debra's medical bills after they separated because he did not intentionally cancel her insurance. Terry claims that coverage for Debra was terminated by his employer because she was no longer residing with him. This Court notes that Terry did not object to this portion of the magistrate's decision when he filed his objections to the magistrate's decision. In order to assign error to a factual finding or legal conclusion adopted by the trial court, a party must first timely object to the magistrate's decision on the issue. Civ.R. 53(D)(3)(b)(iv). "It is clear from the rules and from prior case law that, in a divorce proceeding, if a party fails to object to a conclusion of law or finding of fact issued by a magistrate, the party is precluded from raising the issues for the first time on appeal." *Hashime-Bazlamit v. Bazlamit*, 3d Dist. Hardin No. 6-09-01, 2009-Ohio-4445, ¶ 9. Since Terry failed to raise the issue of the medical bills in his objections to the magistrate's decision, he may not raise them for the first time on appeal. The second assignment of error is overruled.

{¶7} Terry claims in his first assignment of error that the trial court erred by giving Debra one-half of the equity in the house when it was his separate property.

> **(6)(a) "Separate property" means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:**

**(i) An inheritance by one spouse by bequest, devise, or descent during the course of the marriage;**

**(ii) Any real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage;**

**(iii) Passive income and appreciation acquired from separate property by one spouse during the marriage;**

**(iv) Any real or personal property or interest in real or personal property acquired by one spouse after a decree of legal separation issued under section 3105.17 of the Revised Code;**

**(v) Any real or personal property or interest in real or personal property that is excluded by a valid antenuptial agreement;**

**(vi) Compensation to a spouse for the spouse's personal injury, except for loss of marital earnings and compensation for expenses paid from marital assets;**

**(vii) Any gift of any real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse.**

R.C. 3105.171(A)(6). Marital property does not include any separate property. R.C. 3105.171(A)(3)(b). Terry testified that he purchased the home in 1994 and had an open-ended mortgage. Tr. 25-27. This would mean that he owned the home at least 21 years prior to the marriage, which occurred on December 21, 2015. At the time of the termination of the marriage on May 11, 2019, the home had remained in Terry's name alone. Terry made all the mortgage payments from 1994 forward. Tr. 27-29, 161. The last time the mortgage was refinanced was on June 12, 2014, prior

to the marriage. Tr. 28-29. The evidence shows that the home was separate property as it was acquired by Terry prior to the date of the marriage. R.C. 3105.171(A)(6)(a)(ii). Yet, the trial court awarded Debra one-half of the total equity in the home after a three and a half year marriage without considering the fact that Terry owned the home for 21 years before the marriage.

**{¶8}** In dividing property in divorce proceedings, the trial court is required to classify assets as marital or nonmarital. R.C. 3105.171(B). Generally, the division of marital property is to be equal and both spouses are considered to have contributed equally to the production and acquisition of marital property. R.C. 315.171(C).

> **Except as otherwise provided in division (E) of this section or by another provision of this section, the court shall disburse a spouse's separate property to that spouse, the court shall make written findings of fact that explain the factors that it considered in making its determination that the spouse's separate property should not be disbursed to that spouse.**

R.C. 3105.171(D). Terry argues, and the facts reasonably support, that Debra was not entitled to one-half of the total equity. Debra would be entitled to one-half of the increase in equity resulting from the mortgage payments or any improvements made during the marriage as that would have arisen from the use of marital funds. However, she is not entitled to one-half of the total equity in the home as it is primarily separate property. Testimony was presented by both Terry and Debra that improvements had been made to the house. Debra testified that these improvements

were made while she was living in the home, but did not testify they were after the date of the marriage. Tr. 186. Terry testified that Debra had been living with him prior to the marriage and that the improvements were made before they were married. The evidence clearly supports that the real estate was separate property and had some value at the time of the marriage. Debra has not filed a brief in this matter and Terry's brief, along with the record, reasonably appears to sustain a reversal on this issue. The first assignment of error is sustained.

{¶9} Terry claims in his third assignment of error that the trial court erred by awarding Debra one-half interest in all 37 firearms he has collected despite several of them being owned prior to the marriage or bought after the marriage had ended. The testimony was undisputed that of the 37 firearms identified as belonging to Terry, the great majority of them were either owned before the marriage or were inherited by Terry. Tr. 62, 200-201. These guns, by definition would be separate property. Terry admits that there were three guns bought during the marriage and that there were additional guns he obtained from his father's estate after December 2019. Tr. 62. Debra admitted that Terry owned several guns before the marriage and inherited others, but claimed that there were additional guns bought after the marriage. Tr. 200-201. However, she did not identify which guns were bought after the wedding.

{¶10} In this case, the trial court did not distinguish the guns which were marital property from those that were separate property. Both Terry and Debra

testified that most of the guns were separate property. However, the trial court gave Debra half of the value of all the firearms, including those which were separate property. The trial court identified that the value of the three guns which were bought during the marriage as being $1,179, Doc 49. This would mean that Debra would be entitled to receive half of that value or $589.50 rather than half of the total value. Debra has not filed a brief in this matter and Terry's brief, along with the record, reasonably appears to sustain a reversal on this issue. The third assignment of error is sustained.

{¶11} Having found error prejudicial to appellant in the particulars assigned and argued, the judgment of the Common Pleas Court of Logan County, Family Court Division is affirmed in part and reversed in part. The matter is remanded to the trial court for further proceedings in accord with this opinion.

*Judgment Affirmed in Part,*
*Reversed in Part*
*And Cause Remanded*

**MILLER, P.J. and ZIMMERMAN, J., concur.**

**/hls**